PER CURIAM.
J. W. H. raises two points on appeal concerning the legality of his order of disposition adjudicating him delinquent for having committed a simple battery. The first point, contending that the judge who presided at the disposition proceeding did not adequately ascertain the facts which had previously taken place, is controlled by McCoy v. State, 344 So.2d 250 (Fla. 1st DCA 1977) and Castor v. State, 351 So.2d 375 (Fla. 1st DCA 1977), and we find it without merit.
*563 We agree with the appellant’s contention in point two that the length of appellant’s term of punishment stated in the order of disposition exceeded the maximum amount allowable under Section 39.11(3), Florida Statutes (1979). See G. W. M. v. State, 391 So.2d 738 (Fla. 4th DCA 1980). Moreover, the state concedes error as to this point. Accordingly, we reverse the cause and remand with directions that the lower court shall modify its order of disposition by confining its punishment to the parameters required by Section 39.11(3).
MILLS, ERVIN and LARRY G. SMITH, concur.