BASKIN, Judge.
Because we discern no fundamental error in the trial court’s instructions to the jury, we affirm defendant Saunders’ convictions for burglary of a structure and battery. The information alleged that during the burglary Saunders assaulted Neil Chris-tiansen by “striking him about the head and body.” Initially, and without objection by defense counsel, the court gave no instruction on the element of assault, but subsequently, in response to a request by the jury, the court defined assault in dictionary terms.[1] In so doing, the court imposed a greater burden upon the state than that encompassed in the legal definition [2] of assault, but in view of the wording of the information, the court’s instruction was not inappropriate.
We find error in the court’s sentence for battery imposed in Count II. According to section 784.08(2), Florida Statutes (1979), battery is a misdemeanor of the first degree. The punishment for a misdemeanor of the first degree is a term of imprisonment not exceeding one year. § 775.-082(4Xa), Fla.Stat. (1979). The sentence of four years imprisonment followed by two years in a community control program with a mandatory minimum of one year imprisonment, imposed in accordance with the youthful offender statute, section 958.05, Florida Statutes (1979), exceeds the lawful maximum for the crime of battery. Rejecting as without merit the state’s argument that because defendant “reaped the benefit” of a lawful sentence in Count I, he should not be allowed to complain about an unlawful sentence in Count II, we reduce the sentence for Count II to one year imprisonment concurrent with Count I and vacate the mandatory minimum imposed in Count II.
Affirmed as modified.

. The court defined assault as “a violent onset or attack or onslaught literally as by means of blows, weapons, et cetera.”

. An assault is an intentional unlawful threat by word or act to do violence to the person of another coupled with an apparent ability to do so and doing some act which creates a well-founded fear in such other person that such violence is imminent.
Fla.Std.Jury Instr. (Crim.) 2.06 (in effect at the time of the trial). This definition tracks the language of section 784.011, Florida Statutes (1979).