RYDER, Acting Chief Judge.
Conner appeals from his convictions for burglary and grand theft, alleging the trial court erred in sentencing him to four years probation after finding he should be classified a youthful offender. We agree.
The state charged appellant with burglary and grand theft. The court found appellant guilty as charged after a bench trial. When pronouncing sentence for the burglary offense, the court imposed a four-year prison term and declared appellant to be a youthful offender. For the grand theft charge, the court placed appellant on four years probation to run consecutive to the prison term. The written judgment and sentence for both offenses determined appellant to be a youthful offender.
*81 Appellant correctly argues that while the four-year prison term is sanctioned under section 958.05(2), Florida Statutes (1981), the maximum probation sentence permitted after a youthful offender classification attaches is two years community control. § 958.05, Florida Statutes (1981). We hold the lower court erred in determining appellant to be a youthful offender and failing to sentence accordingly. We also note that appellant’s testimony indicates that appellant was over twenty-one years of age at the time the offenses were committed. In order to be eligible for youthful offender classification, the defendant’s crime must be committed before his twenty-first birthday. § 958.04, Florida Statutes (1981). Thus, appellant below was not eligible for the youthful offender classification.
The sentences imposed are VACATED, and the case REMANDED for resentenc-ing.
CAMPBELL and SCHOONOVER, JJ., concur.