WENTWORTH, Judge.
Appellants seek review of judgments of conviction and sentences for the offense of second degree grand theft. Among other issues, appellant Dunlap asserts error as to the length of his sentence as a youthful offender. We affirm the orders appealed.
Upon being classified as a youthful offender Dunlap was sentenced pursuant to § 958.05, Florida Statutes, to a term of four years’ imprisonment followed by two years in a community control program. Dunlap contends that such sentence is statutorily impermissible to the extent that it exceeds the maximum term of imprisonment generally applicable when an adult is convicted of second degree grand theft. In support of this position Dunlap cites J.W.H. v. State, 402 So.2d 562 (Fla. 1st DCA 1981), and G.W.M. v. State, 391 So.2d 738 (Fla. 4th DCA 1980). Those cases involved delinquency adjudications under Chapter 39, Florida Statutes, which expressly provides that the juvenile’s commitment “shall not exceed the maximum term of imprisonment which an adult may serve for the same offense.” See § 39.11(3). The present case does not involve that statute.
Dunlap was sentenced as a youthful offender pursuant to Chapter 958, Florida Statutes, which expressly provides that such disposition is “in lieu of other criminal penalties authorized by law .... ” See § 958.05. While § 958.05(2) indicates that the offender shall serve the entire sentence “unless sooner released as provided by law,” we construe this language as referring to the possibility of early release, such as by parole, consistent with the sentence imposed. Insofar as Chapter 958 circumscribes the penalties for qualifying offenders, thereby precluding the application of other sanctions, see, Whitlock v. State, 404 So.2d 795 (Fla. 3d DCA 1981), general sentencing provisions external to Chapter 958 do not constrain the term of Dunlap’s confinement as a youthful offender.
The order appealed is affirmed.
ROBERT P. SMITH, Jr., C.J., and ZEH-MER, J., concur.