442 So.2d 1002 (1983)
Edwin A. MORELAND, Appellant,
v.
STATE of Florida, Appellee.
No. 83-946.
District Court of Appeal of Florida, Second District.
November 16, 1983.
As Clarified on Denial of Rehearing January 4, 1984.
C.A. Van Hook, III, DeLand, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant was convicted of two counts of manslaughter by intoxication for which he received ten years in prison and a consecutive fifteen years on probation. The evidence was sufficient to support the jury verdicts, and appellant's contentions of legal error are unfounded. However, as one of the conditions of probation, the court purported to revoke appellant's driver's license for life.[1] We, therefore, amend the reference to appellant's license to constitute a condition of appellant's probation that during its term he shall not drive a motor vehicle and a recommendation to the Department of Highway Safety and Motor Vehicles to suspend appellant's driving privileges for such time as appropriate under the law. As so amended, the judgments and sentences are affirmed.
GRIMES, A.C.J., and SCHEB and DANAHY, JJ., concur.
NOTES
[1] Section 322.28(2)(f), Florida Statutes (Supp. 1982), which contemplates lifetime revocation under some circumstances, was inapplicable because the conduct which led to appellant's conviction occurred before July 1, 1982.