PER CURIAM.
This is an appeal from a judgment of guilty of “ATTEMPTED MANSLAUGHTER, a lesser included offense as contained in the Information” and a sentence under the Youthful Offender Act to a six year commitment to the Department of Corrections, the first two years of which were to be served in prison and the last four on probation.
The information charged appellant with attempted first degree murder by shooting a named person on December 9, 1979. The undisputed evidence at trial established that appellant shot the victim three times. The only factual issue was whether appellant fired the shots in self defense. Pursuant to a jury instruction appellant requested, a jury found him guilty of “ATTEMPTED MANSLAUGHTER, a lesser included offense as contained in the Information. ...” The court, on August 11, 1980, imposed judgment pursuant to the verdict and sentenced appellant under Section 958.-05(2), Florida Statutes (1979), after finding under Section 958.04(2), Florida Statutes (1979), that it was required to treat appellant as a youthful offender.[1]
The first two of the three points on appeal attack the validity of the judgment, contending that the circuit court lacked jurisdiction to adjudge appellant guilty of attempted manslaughter because there is no such offense. The supreme court in Taylor v. State, 444 So.2d 931 (Fla.1984), held that a defendant may be convicted of attempted manslaughter if there is proof that the defendant had the requisite intent to commit an unlawful act, but he could not be convicted if the underlying conduct were culpable negligence. There is no question here that the appellant did intend to shoot the victim. Thus, the requisite proof is present and the judgment of guilty of attempted manslaughter was lawful.
The last point on appeal attacks the legality of the sentence, urging that appellant could be sentenced to the Department of Corrections for a maximum period of five years, since attempted manslaughter is a third degree felony, which may be punished by imprisonment for not more than five years.
The First District Court of Appeal, in Dunlap v. State, 433 So.2d 631 (Fla. 1st DCA 1983), rejected a substantially identical contention, upon a holding that sentencing for any felony, including a third degree felony, must be accomplished in accordance with Section 958.05, Florida Statutes, which provides that a court is to follow that section “in lieu of other penalties authorized by law” in disposing of criminal cases involving persons the court classifies as youthful offenders. We affirm the six year commitment to the Department of Corrections upon authority of Dunlap v. State, supra.
However, we note that the placement of appellant on probation after his period of imprisonment was inappropriate and must be modified. As the court said in Cruce v. State, 432 So.2d 734 (Fla. 4th DCA 1983):
“ ‘Chapter 958 authorizes defendant’s placement in a community control program upon completion of incarceration but does not authorize a term of probation.’ ”
Accordingly, the cause is remanded for modification of sentence. In all other respects the judgment and sentence are affirmed.
AFFIRMED AND REMANDED for modification.
ANSTEAD, C.J., DOWNEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.

. Because of an amendment effective October 1, 1980, such treatment became discretionary rather than mandatory. Chapter 80-321, Laws of Florida.