PER CURIAM.
This is an appeal from an adjudication and sentence for the crime of second degree grand theft. The sole point on appeal is that the trial court erred in sentencing the defendant, as a youthful offender under Section 958.05, Florida Statutes (1983), to four years imprisonment plus two years of community control because this six-year combination of imprisonment and probation exceeds the statutory maximum of five years imprisonment for second degree grand theft. §§ 812.014(2)(b), 775.-082(3)(d), Fla.Stat. (1983). See State v. Holmes, 360 So.2d 380 (Fla.1978); Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981); Corraliza v. State, 391 So.2d 330 (Fla. 3d DCA 1980), pet. for review denied, 399 So.2d 1141 (Fla.1981); Skinner v. State, 366 So.2d 486 (Fla. 3d DCA 1979); Watts v. State, 328 So.2d 223 (Fla. 2d DCA *138 1976). We agree and reverse the sentence herein.
This court is committed to the principle that the Youthful Offender Act [ch. 958, Fla.Stat. (1983) ] may not be invoked to impose a sentence which exceeds the statutory maximum set for the offense for which an accused stands convicted. Saunders v. State, 405 So.2d 1037 (Fla. 3d DCA 1981); contra Dunlap v. State, 433 So.2d 631 (Fla. 1st DCA 1983). The Act was obviously designed to impose more lenient sanctions on a youthful offender who meets the statutory requirements, not to aggravate the sanctions which would ordinarily apply.
The adjudication of guilt under review is affirmed; the sentence under review is reversed and the cause is remanded to the trial court for resentencing under the Youthful Offender Act to a term of imprisonment and community control which does not exceed a total of five years.
Affirmed in part; reversed in part.