PER CURIAM.
Daniel Keast appeals from sentencing under the Youthful Offender Act, Chapter 958, Florida Statutes (1983), after pleading guilty to a single count of grand theft, second degree, section 812.-014(2)(b)(4), Florida Statutes (1983). The resulting sentence exceeded the sentence which would have resulted had the trial court sentenced appellant pursuant to the sentencing guidelines, as appellant had requested. Appellant asserts that the trial court wrongfully departed from the sentencing guidelines and argues that the trial court’s reasons for choosing to sentence' appellant under the Youthful Offender Act were inadequate. We find no merit in this *856 argument and affirm the sentence on the basis of Hackney v. State, 456 So.2d 1209 (Fla. 5th DCA 1984), and Massaro v. State, 449 So.2d 1010 (Fla. 2d DCA 1984).[1] We agree with appellant that the community-control portion of the sentence should not have exceeded two years. Hudson v. State, 450 So.2d 603 (Fla. 2d DCA 1984); Conner v. State, 422 So.2d 80 (Fla. 2d DCA 1982); § 958.05(2), Fla.Stat. (1983). Therefore, we remand to the trial court with directions to modify accordingly the community control portion of the sentence.
Affirmed as modified.

. This court's opinion in Milbry v. State, 469 So.2d 137 (Fla. 3d DCA 1984), does not apply to the case sub judice. In Milbry, the sentence imposed exceeded the maximum statutory penalty. While the sentence imposed herein is greater than what would have been imposed if the sentencing guidelines had been used, the sentence is still less than what the statute permits and the trial court gave valid and convincing reasons, in writing, for his departure from the guidelines.