476 So.2d 1281 (1985)
STATE of Florida, Petitioner,
v.
Livingston MILBRY, Respondent.
No. 66352.
Supreme Court of Florida.
September 26, 1985.
Rehearing Denied November 13, 1985.
Jim Smith, Atty. Gen., and G. Bart Billbrough, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender, and Rory S. Stein, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for respondent.
McDONALD, Justice.
We have for review Milbry v. State, 469 So.2d 137 (Fla. 3d DCA 1984), which directly and expressly conflicts with Dunlap v. State, 433 So.2d 631 (Fla. 1st DCA 1983). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The issue here is whether a defendant may be sentenced as a youthful offender in excess of the statutory maximum sentence an adult offender could receive for the same crime. We answer in the negative.
The state charged Livingston Milbry with robbery and second-degree grand theft, in violation of sections 812.13 and 812.014, Florida Statutes (1983). After a nonjury trial, the trial court acquitted Milbry on the robbery count and adjudicated him guilty as charged on the grand theft count. Second-degree grand theft carries a statutory maximum penalty of five years imprisonment. §§ 812.014(2)(b), 775.082(3)(d), Fla. Stat. (1983). The trial court sentenced Milbry as a youthful offender to four years imprisonment plus two years of community control. § 958.05, Fla. Stat. (1983). Milbry appealed his sentence on the ground that the six-year combined sentence as a youthful offender exceeded the maximum sentence permitted for a third-degree felony. The district court held that the Youthful Offender Act, chapter 958, Florida Statutes (1983), was designed to accord more lenient treatment to youthful offenders. By contrast, the sentence imposed on Milbry aggravated, rather than mitigated, the sanction for the crime he committed, based upon his status as a youthful offender. The district court ordered that Milbry be resentenced as a *1282 youthful offender to no more than a five-year total sentence of imprisonment and community control.
We agree with the district court opinion and adopt it as our own in this case. We disapprove Dunlap.
It is so ordered.
BOYD, C.J., and OVERTON, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.