SCHOONOVER, Judge.
Appellant, Loucious Earl Williams, appeals from the judgments and sentences entered against him in connection with seven felony charges and six misdemeanor charges. We affirm in part and reverse in part.
Appellant pled guilty to five counts of petit theft, one count of criminal mischief, one count of grand theft, and six counts of burglary. The five counts of petit theft were second-degree misdemeanors, each punishable by a sentence of up to sixty days. §§ 812.014(2)(c), 775.082(4)(b), Fla. Stat. (1983). The charge of criminal mischief was a first-degree misdemeanor punishable by a term of imprisonment not exceeding one year. §§ 806.13(l)(b)2, 775.-082(4)(a), Fla.Stat. (1983). The grand theft and burglary charges were all third-degree felonies, each with a statutory maximum sentence of five years imprisonment. §§ 810.02, 812.014(2)(b), 775.082(3)(d), Fla. Stat. (1983).
The sentencing guidelines scoresheet presented to the trial court indicated a recommended sentence of twelve-to-thirty-months incarceration or community control. The trial court stated that, for rehabilitation of appellant’s attitude, the court was going to depart from the recommended range and sentence appellant as a youthful offender pursuant to section 958.04, Florida Statutes (1983). Appellant was adjudicated guilty of all thirteen charges and was sentenced to serve sixty days on each of the petit theft charges and one year on the criminal mischief charge. Appellant was sentenced on each of the seven felony charges to four years in state prison followed by two years community control. All sentences were to be served concurrently. This appeal timely followed.
Appellant does not contend that the court erred in sentencing him as a youthful offender. See Massaro v. State, 449 So.2d 1010 (Fla. 2d DCA 1984). He contends, correctly, that the court erred in sentencing him on the felony charges to four years imprisonment followed by two years community control where the crimes involved were third-degree felonies that carry a maximum sentence of five years. State v. Milbry, 476 So.2d 1281 (Fla.1985). We, accordingly, reverse and remand for resen-tencing on the felony charges. Appellant may be resentenced to no more than a five-year total sentence of imprisonment and community control. Milbry.
Reversed and remanded.
RYDER, C.J., and LEHAN, J., concur.