FRANK, Acting Chief Judge.
Michael C. Travis seeks relief from an order revoking his driver’s license and the sentences imposed upon him following his convictions for trafficking in cocaine and the sale or delivery of a substance falsely represented to be a controlled substance.
In Case No. 88-03174, Travis was charged with and pleaded guilty to one count of sale/delivery of a substance in lieu of a controlled substance, in violation of section 817.563, Florida Statutes (1987), a third degree felony punishable as provided in section 775.082, Florida Statutes (1987). The trial court sentenced Travis to four years incarceration to be followed by five years probation, a sentence in excess of the statutory maximum. In Case No. 88-03175 Travis pleaded guilty to the same charge, a third degree felony, and was sentenced to twelve months incarceration to be followed by six years probation — again, a sentence in excess of the statutory maximum. Accordingly, resentencing is required. See Calhoun v. State, 522 So.2d 509 (Fla. 1st DCA 1988); Williams v. State, 485 So.2d 45 (Fla. 2d DCA 1986).
As a condition of probation the trial judge revoked Travis’ driver’s license for six years. Travis contends that this sanction is not a reasonable condition of probation; he makes his living as a long-distance truck driver. We disagree. The crimes for which he was convicted occurred when Travis met undercover detectives at an interstate highway rest area and he produced controlled substances from the vehicle he was driving. Under section 322.-27(2), Florida Statutes (1987), the Department of Highway Safety and Motor Vehicles must suspend an operator’s driver’s license for a felony in which a motor vehicle is used “upon direction of the court, when the court feels that the seriousness of the offense and the circumstances surrounding the conviction warrant the suspension of the licensee’s driving privilege.” Although the suspension of Travis’ driver’s license was an appropriate penalty, the trial court invaded the province of the Department of Highway Safety and Motor Vehicles, the agency authorized to impose the actual suspension. See Moreland v. State, 442 So.2d 1002 (Fla. 2d DCA 1984). Hence, upon remand, the court should delete the suspension order and substitute a direction to the Department that it suspend Travis’ license as provided in section 322.27, Florida Statutes. We note also that the court may impose upon Travis’ probation a condition that he not drive a motor vehicle during the probationary term.
Reversed and remanded for resentenc-ing.
HALL and PARKER, JJ., concur.