651 So.2d 731 (1995)
Patrick CRAWFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1336.
District Court of Appeal of Florida, Fourth District.
March 1, 1995.
Rehearing Denied April 6, 1995.
Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michelle A. Konig, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was placed on probation in 1993 for possession of cocaine. In 1994, appellant was found guilty of violating conditions of his probation by committing armed robbery and unlawfully using a disguise in that robbery. The trial court revoked appellant's probation and adjudicated him guilty of possession of cocaine. Appellant was sentenced to thirty months incarceration.
In addition, the trial court orally directed that appellant's driver's license be suspended for two years. This appeal is solely from that direction.
Section 322.055(1), Florida Statutes (1993), provides a basis for the revocation of a driver's license based upon a conviction involving a controlled substance.
(1) Notwithstanding the provisions of s. 322.28, upon the conviction of a person 18 years of age or older for possession or sale of, trafficking in, or conspiracy to possess, sell, or traffic in a controlled substance, the court shall direct the department to revoke the driver's license or driving privilege of the person. The period of such revocation shall be 2 years or until the person is evaluated for and, if deemed necessary by the evaluating agency, completes a drug treatment and rehabilitation program approved or regulated by the Department of Health and Rehabilitative Services. However, the court may, in its sound discretion, *732 direct the department to issue a license for driving privileges restricted to business or employment purposes only, as defined by s. 322.271, if the person is otherwise qualified for such a license.
Accordingly, the trial court had the authority to direct the department to revoke appellant's driver's license for two years. However, section 322.055 does not provide the trial court with the authority to suspend or revoke the license itself, which is what it did, thereby invading the province of the department. See Travis v. State, 549 So.2d 737, 738 (Fla. 2d DCA 1989), called into doubt on other grounds, Spera v. State, 556 So.2d 487 (Fla. 2d DCA 1990). Accordingly, we reverse that part of the trial judge's order being appealed and remand with direction for the trial court to order the department to revoke appellant's license for two years pursuant to section 322.055. See, e.g., Spera, 556 So.2d at 487; Travis, 549 So.2d at 738; Mandile v. State, 547 So.2d 1062 (Fla. 2d DCA 1989).
HERSEY, GLICKSTEIN and POLEN, JJ., concur.