PER CURIAM.
By way of a motion to correct an illegal sentence brought pursuant to Florida Rule of Criminal Procedure 3.800, appellant Corey Eubanks challenges the validity of four concurrent split sentences of five years imprisonment followed by one year probation, pronounced after appellant pled guilty to four counts of various third degree felonies. No enhanced penalty was sought by the State or imposed by the court, despite appellant’s 60 prior felony convictions. Because this sentence exceeds the five-year maximum provided by section 775.082(3)(d), Florida Statutes, this cause must be reversed and remanded for resentencing. E.g., Fla.R.Crim.P. 3.701(d)(10); State v. Holmes, 360 So.2d 380, 383 (Fla.1978); Kline v. State, 642 So.2d 1146 (Fla. 1st DCA 1994); Milbry v. State, 469 So.2d 137 (Fla. 3d DCA 1984), opinion adopted, 476 So.2d 1281, 1282 (Fla.1985); see also Fla.R.Crim.P. 3.701(d)(12) Commission Notes (1988) (“The total sanction (incarceration and probation) shall not exceed the term *1361 provided by general law.”)- The trial court is further directed to clarify whether this sentence is to run concurrent with or consecutive to time being served by appellant at the time of his original sentencing.
Reversed and remanded for proceedings consistent herewith.