PER CURIAM.

CONFESSION OF ERROR

Upon the State’s proper confession of error, we reverse the summary denial of appellant’s motion to correct an illegal sentence pursuant to Rule 3.800, Florida Rules of Criminal Procedure.
On June 30,1992, appellant pled no contest to all counts of three separate informations (ease numbers 91-38173, 92-15536 and 92-15712) which contained a total of seven third degree felonies and five second degree misdemeanors. In exchange for his plea, a concurrent sentence of five years state prison followed by five years probation was imposed upon appellant for all of the third degree felony counts.[1] Appellant completed his prison term and was released on the prescribed probationary status. While on probationary status, he was subsequently charged by three new informations (case numbers 93-31520, 93-31524 and 93-33993) with a total of fifteen third degree felonies. The State filed its notice of intent to seek an enhanced sentence for appellant upon his conviction in cases 93-31520, 93-31524, and 93-33993 pursuant to section 775.084, Florida Statutes. The State also filed an affidavit of appellant’s violation of the terms of his probation imposed in case numbers 91-38173, 92-15536, and 92-15712.
On February 11, 1994, appellant entered an admission to both the affidavit of probation violation and pled no contest to the new substantive offenses contained in case numbers 93-31520, 93-31524 and 93-33993. After making the requisite findings that appellant met the criteria for habitualization, appellant was sentenced in all six informa-tions to a concurrent ten year prison term as a habitual offender.
As the appellant argues on appeal and the State concedes, his initial concurrent five year prison and five year probationary sentence in case numbers 91-38173, 92-15536, and 92-15712 for third degree felonies was illegal where it exceeded the five year statutory maximum for state supervision. § 775.082(3)(c), Fla.Stat. (1993); Rule 3.701(d)(10) Fla.R.Crim.P.; see also, e.g., Eubanks v. State, 662 So.2d 1360 (Fla. 3d DCA 1995).[2] Since appellant has apparently com *830 pleted his five year prison term imposed for these three cases, we remand with instructions that the additional five year probationary sentence and affidavit of violation filed pursuant thereto be vacated.
Obviously, any sentence for violating an illegally-imposed period of probation is also illegal.[3] Consequently, on remand the trial court is directed to vacate the ten year habitual offender sentence imposed upon appellant in cases 91-38173, 92-15536, and 92-15712. Our review of the record reflects no error, however, in the imposition of the ten year habitualization sentence for case numbers 93-31520, 93-31524, and 93-33993.
Reversed and remanded with instructions.

. The court suspended entry of sentence on all of the misdemeanor counts.

. As the case numbers indicate, these crimes were committed prior to the effective date of the 1994 sentencing guidelines, under which appel *830 lant’s sentence could, theoretically, exceed the maximum provided for in § 775.082, Fla.Stat. See §§ 921.001(5), 921.0014(2), Fla.Stat. (1995); Gardner v. State, 661 So.2d 1274 (Fla. 5th DCA 1995).

. Even if appellant could have been resentenced lawfully, he should not have received a habitual offender sentence where the State originally never filed a notice of its intent to seek enhanced penalties for these three informations. See Snead v. State, 616 So.2d 964 (Fla.1993).