PARKER, Acting Chief Judge.
Peter B. Featherston appeals a trial court order denying his motion to vacate sentence. We treat this appeal as an appeal from an order denying a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, reverse the trial court, and direct that Featherston be discharged from the Department of Corrections (DOC) in Circuit Court Case Nos. 88-2884, 88-2896, and 89-429.
On May 19, 1989, the trial court sentenced Featherston to concurrent three years’ probation in Circuit Court Case Nos. 88-2884, 88-2896, and 89-429. Each of Featherston’s crimes in these cases was a third-degree felony; therefore, the statutory maximum for each was five years in prison. See § 775.082(3)(d), Fla.Stat. (1989). On November 25, 1991, following a violation of probation hearing, the trial court revoked Featherston’s probation and sentenced him to concurrent five years’ probation on these three cases. In 1992, the trial court again revoked Featherston’s probation and sentenced him to continued probation with the same conditions. On September 27, 1994, another affidavit of violation of probation was filed against Featherston. On December 30, 1994, the trial court held a hearing on that violation, revoked Featherston’s probation, and sentenced him to concurrent two years in prison in each case. Each of Featherston’s violations of probation was for failing to pay costs and restitution. In each case, the trial court’s warrant for arrest for violation of probation directed that Feather- *646 ston be released on his own recognizance, and the trial court always imposed the same conditions of probation.
Upon a revocation of probation, a defendant must be given credit for the time previously served on probation toward any newly-imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense. See State v. Summers, 642 So.2d 742 (Fla.1994). In this case, Featherston served a continuing probation sentence, concurrent on all offenses, from May 19, 1989, until December 30, 1994. Because each crime was a third-degree felony and the sentences were concurrent, Featherston’s five-year statutory maximum for these crimes ended on May 19, 1994. Therefore, the probation sentences imposed beyond May 19, 1994, were illegal. Consequently, the December 30, 1994, sentences imposed for violating the illegally-imposed period of probation were illegal sentences. See Bover v. State, 671 So.2d 828 (Fla. 3d DCA 1996).
We reverse the sentences and remand to the trial court to direct the discharge of Featherston in Circuit Case Nos. 88-2884, 88-2896, and 89^129.
ALTENBERND and QUINCE, JJ., concur.