PER CURIAM.
This is one of three separate appeals pending before this court involving the same criminal defendant. In that these appeals have not been consolidated, each one will be treated by separate opinion. For reference, the companion cases are 89-2734 and 90-0252.
In the instant appeal, appellant is challenging the denial of his 3.800(a) motion in the trial court. Appellant’s charges arose out of a series of home invasion robberies, which culminated in four separate informa-tions being filed in the trial court. These informations each contained numerous counts, including such charges as armed kidnapping and armed burglary.
On October 8, 1986, and January 26, 1987, appellant appeared before the trial court, together with his attorney, Mark Finkelstein, the assistant state attorney, Joe Lazarus, Esq., and Special Agent Steve Emerson of the Florida Department of Law Enforcement, all of whom had participated in the proposed plea agreement. Appellant pled guilty to eleven charges in three of the informations, and the state thereupon nol prossed the remaining counts as well as case No. 86-14110, which the state nol prossed in its entirety.
Of the eleven counts to which defendant pled, ten were life felonies. There was discussion of appellant’s guideline range being between twenty-seven and forty years, and several of the counts requiring a three-year minimum mandatory sentence. The eleventh count, being a second-degree felony, the sentence was limited to fifteen years by statute. The only issue which bears any consideration by this court is whether the trial court actually had the guidelines scoresheet physically before it at the time of final sentencing on January 26, 1987. In the transcript, at page 3, the prosecutor indicates that the sheet had been provided to the defense attorney and the court. There is considerable discussion amongst the state attorney, the defense attorney and the court, all without objection, to the effect that the defendant scored a total of 497 points, yielding a guideline range of twenty-seven to forty years. Finally, there is in the record on appeal a purported guidelines scoresheet with reference to the same case numbers, indicating the same point total and guideline ’range. However, this sheet does not contain any notation as to the sentence imposed, nor any signatures of the judge, the state attorney, the defense counsel or the score-sheet preparer. The only date that appears on said sheet, other than appellant’s date of birth, is our clerk’s date stamp indicating date of filing of June 22, 1989. This latter date comports with the date of filing of appellant’s pro se notice of appeal.
Out of an abundance of caution, we remand this matter to the trial court to clarify, if it can, whether the guidelines score-sheet referred to was physically present before the judge and the court on the date of sentencing, to wit, January 26, 1987.
LETTS, WALDEN and POLEN, JJ., concur.