697 So.2d 1310 (1997)
Anthony CORBITT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3697.
District Court of Appeal of Florida, Fourth District.
August 20, 1997.
Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
While we affirm appellant's sentences for robbery with a firearm and burglary while armed with a firearm, the State concedes, and we agree, that appellant's habitual felony offender sentence for kidnapping with a firearm must be reversed. Appellant committed the offense in 1991, when the habitual offender statute did not provide for the enhancement of life felonies. See § 775.084(4), Fla. Stat. (1991); Lamont v. State, 610 So.2d 435, 439 (Fla.1992).[1] In resentencing appellant on remand, the trial court may exceed the sentencing guidelines if there are valid grounds to do so. See Grant v. State, 677 So.2d 45 (Fla. 3d DCA 1996).
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
STONE, C.J., and POLEN and STEVENSON, JJ., concur.
NOTES
[1] Under the 1991 statutes, kidnapping is a first degree felony which is reclassified as a life felony when a firearm is used. See §§ 775.087(1)(a), 787.01(2), Fla. Stat. (1991).