711 So.2d 167 (1998)
Jason Tyrone SPEIGHTS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2964.
District Court of Appeal of Florida, First District.
May 13, 1998.
*168 Nancy A. Daniels, Public Defender; Angela Shelley, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Trina Kramer, Assistant Attorney General, Tallahassee, for Appellee.
DAVIS, Judge.
Jason Tyrone Speights appeals his sentence, rendered July 14, 1997, asserting that it is illegal. Speights was found guilty of aggravated battery with great bodily harm for an attack on his girlfriend, which left her with two compound jaw fractures, and was acquitted of aggravated assault with a deadly weapon. The State had filed notice of intent to classify the defendant as a Habitual Violent Felony Offender (HVFO), based upon a prior conviction for attempted carjacking with a deadly weapon. Because the defense raised no objection at any time below to reliance upon the attempted carjacking conviction as the predicate offense for an HVFO sentence, and made no motion below to correct the sentence after Speights was in fact given an HVFO sentence, and because the sentence does not exceed the statutory maximum term of imprisonment for the habitualized offense, we affirm.
On appeal, Speights argues that his HVFO sentence is illegal because carjacking is not a statutorily authorized predicate offense for habitualization and that he was prejudiced by that error because imposition of an HVFO sentence increased his term of incarceration by approximately 16 years. Carjacking is not a statutorily listed predicate offense for an HVFO sentence. See § 775.084(1)(b), Fla. Stat. (1997). In Watkins v. State, 622 So.2d 1148 (Fla. 1st DCA 1993), overruled in part on other grounds, White v. State, 666 So.2d 895 (Fla.1996), this court held that an HVFO sentence is illegal if the necessary predicate conviction is absent and that no contemporaneous objection is necessary to preserve the issue for appeal. See also Gahley v. State, 605 So.2d 1309, 1310 (Fla. 1st DCA 1992); Williams v. State, 591 So.2d 948, 950 (Fla. 1st DCA 1991), quashed on other grounds, 599 So.2d 998 (Fla.1992) ("Without the necessary predicate convictions appellant's sentence as a habitual offender is illegal. No objection is required to raise the issue of an illegal sentence on direct appeal.").
In Washington v. State, 653 So.2d 362, 367 (Fla.1994), cert. denied mem., 516 U.S. 946, 116 S.Ct. 387, 133 L.Ed.2d 309 (1995), however, the Florida Supreme Court held that it is "improper" to sentence someone under the Habitual Violent Felony Offender Statute in reliance upon a predicate offense outside those listed in the statute, and did not use the word "illegal." The cases in which this court previously held that a habitual offender sentence is "illegal" if imposed in the absence of a statutorily defined predicate offense predated both Washington v. State and the enactment of the Criminal Appeal Reform Act of 1996, as well as other cases in which the meaning of the word "illegal" in the context of sentencing error has been narrowed. See Davis v. State, 661 So.2d 1193 (Fla.1995); State v. Callaway, 658 So.2d 983 (Fla.1995). The Florida Supreme Court explained in Davis, supra, that an "illegal" sentence is one that exceeds the maximum set forth by law. The court added in Callaway, supra, that an "illegal" sentence is correctable as a matter of law without any evidentiary proceeding. Appellant asks this court to conclude that his sentence was illegal as a matter of law because no enumerated predicate offense appears in the record; yet, if this sentence was vacated for lack of a proper predicate offense, the state could present evidence on remand of additional prior convictions which might justify an HVFO sentence. See Doggett v. State, 584 So.2d 116 (Fla. 1st DCA 1991) (it does not violate double jeopardy to permit the state to introduce evidence of additional predicate offenses beyond those relied upon originally if a habitual offender sentence is overturned because it was based *169 on non-sequential prior convictions); see also Henderson v. State, 651 So.2d 822 (Fla. 4th DCA 1995).[1] Thus, the alleged error herein does not satisfy the definition of an illegal sentence set forth in Callaway and Davis. We conclude that reliance on an improper predicate offense does not render the sentence "illegal" for purposes of determining whether the error may be raised for the first time on appeal. See Callins v. State, 698 So.2d 883, 884-85 (Fla. 4th DCA 1997) (issue of alleged illegality of habitual offender sentence because of lack of underlying predicate convictions had not been preserved for appeal because it was never ruled on by the trial court; the defendant filed but abandoned a 3.800(b) motion to correct sentence; therefore, only remaining issue was legality of sentence, meaning whether the sentence fell within statutory maximum). See also Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997) (affirming habitual offender sentence despite noncompliance with the statute, because the defendant did not preserve the issue for appeal).
Speights next argues that the resulting sentence is itself illegal on the grounds that it exceeds the statutory maximum for the offense. We reject the argument that this sentence is illegal based upon the length of the sentence. Speights was sentenced to 22 years imprisonment. He was convicted of aggravated battery, a second degree felony. The offense of aggravated battery is punishable as provided in sections 775.082, 775.083, or 775.084. See § 784.045(2), Fla. Stat. (1997). Under section 775.082(3)(c), a second degree felony is punishable by a term of imprisonment not to exceed 15 years. However, in the absence of any objection to habitualization, the trial court did not err in relying on the statutory maximum sentence for a habitual violent felony offender convicted of a second degree felony. Under section 775.084(4)(b)2., the statutory maximum sentence for this offense, after habitualization, is 30 years. Speights' sentence of 22 years is under that limit, and is therefore not illegal. Because the sentence is not illegal, and the issue was not preserved for review by a motion filed in the trial court to correct the sentence, we must affirm. See Middleton, supra. We certify the following as a question of great public importance:
When a habitual violent felony offender sentence is imposed without record evidence of a prior conviction of an enumerated predicate felony, but without any objection by the defendant to the imposition of such a sentence, and the resulting sentence is above the statutory maximum without habitualization but below the statutory maximum period of incarceration after habitualization, is the sentencing error one that may be raised on appeal for the first time, and corrected despite the lack of any motion in the trial court to correct the sentence pursuant to Fla.R.Crim.P. 3.800(b)?
AFFIRMED.
MICKLE and LAWRENCE, JJ., concur.
NOTES
[1] This is the factor that distinguishes this case from Stanford v. State, 706 So.2d 900 (Fla. 1st DCA 1998): in Stanford, the defendant had been improperly habitualized despite the fact that the substantive statute under which he was charged required a guidelines sentence. There was no possibility that an evidentiary hearing on remand would produce evidence under which the sentence was proper because it was an illegal sentence as a matter of law as defined in Davis and Callaway.