732 So.2d 1187 (1999)
Jesus BOVER, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1835.
District Court of Appeal of Florida, Third District.
April 28, 1999.
*1188 Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Lara J. Edelstein, Assistant Attorney General, for appellee.
Before COPE, LEVY, and SORONDO, JJ.
COPE, J.
The question before us is whether a defendant may use Florida Rule of Criminal Procedure 3.800(a) to challenge his habitual offender adjudication. Defendant-appellant Jesus Bover contends that the predicate offenses introduced at his sentencing hearing did not qualify him under the applicable statutes, because they did not satisfy the sequential conviction rule. We conclude that where the challenge is to habitual offender adjudication, the claim is one which must be brought under Florida Rule of Criminal Procedure 3.850, and is subject to that rule's two year time limit.

*1189 I.
Defendant was charged with eight counts of grand theft and seven counts of uttering a forged instrument for crimes he committed in the period between June 21 and September 17, 1993.[1] His sentencing guidelines scoresheet reflected fifty-two prior crimes, resulting in a recommended sentence of life imprisonment. That being so, the defendant if convicted of the fifteen pending charges could have been sentenced consecutively on each, for a total of 75 years. See Branam v. State, 554 So.2d 512, 513-14 (Fla.1990) ("[I]n those instances where the statutory minimums or maximums preclude sentencing within the guidelines recommendation, the trial judge must impose either concurrent or consecutive sentences, as the case may be, in order to come as close as possible to the guidelines scoresheet recommendation."); Alvarez v. State, 358 So.2d 10, 12 (Fla. 1978)(if sentence to lengthy term of years presumptively exceeds life expectancy of defendant, it should be considered, in essence, a life sentence).[2]
The State and the defendant entered into a plea bargain whereby defendant would plead no contest as a habitual offender in exchange for ten-year concurrent sentences on all counts. Since defendant was being sentenced as a habitual offender, the legal maximum sentence for each third-degree felony was ten years. See § 775.084(4)(a)3, Fla. Stat. (1993). Defendant was sentenced accordingly in 1994.
In 1997, defendant filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, contending that his habitualization was improper because in separate proceedings, he had received postconviction relief with respect to three prior crimes, see Bover v. State, 671 So.2d 828, 829-30 (Fla. 3d DCA 1996), two of which had been used as predicate offenses to qualify him as a habitual offender.[3] The trial court properly denied defendant's 1997 Rule 3.850 motion, and this court affirmed.[4]See Bover v. State, 699 So.2d 1384 (Fla. 3d DCA 1997)(table).
In 1998, defendant filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). In the motion defendant asserted that all of the predicate offenses used to adjudicate him as a habitual offender had been imposed on June 30, 1992, and thus did not satisfy the sequential conviction rule. See § 775.084(5), Fla. Stat. (1993).[5] Defendant argued that since he did not have the required predicate convictions for habitualization, the court should strike the habitualization and resentence him under the sentencing guidelines. The trial court denied the Rule 3.800(a) motion, and defendant has appealed.[6]

*1190 III.
In raising his claim under Rule 3.800(a), the defendant relies on Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991) (en banc), which states:
[W]e conclude that a habitual offender sentence is illegal for purposes of rule 3.800(a) only if: 1) the terms or conditions of the sentence exceed those authorized by section 775.084 for the adjudicated offense, or 2) a prior offense essential to categorize the defendant as a habitual offender does not actually exist. In either of these circumstances, the sentence does not fall within the maximum authorized by law and is not a sentence that the trial court could, as a matter of law, have imposed. Such an error can be determined at any time from a review of the defendant's criminal records.
Id. at 78 (emphasis added); see also Freshman v. State, 24 Fla. L. Weekly D707, 730 So.2d 351 (Fla. 4th DCA 1999); Bell v. State, 693 So.2d 700 (Fla. 2d DCA 1997); Botelho v. State, 691 So.2d 648 (Fla. 2d DCA 1997).
The logic of Judge is that the habitual offender statute increases the legal maximum term. In the present case, habitualization of defendant means that for his third-degree felonies the regular five-year maximum becomes ten. See § 775.084(c)3, Fla. Stat. (1993). Under Judge, if the defendant did not truly have the predicate offenses to qualify for habitualization, the maximum should have stayed at five years and anything over that figure is "illegal" within the meaning of Rule 3.800(a).
In our view, there is a flaw in the logic. Habitualization is a two-step process. In the first step, the defendant is adjudicated to be a habitual offender. Once that is done, the trial court knows what the permissible legal maximum may be. In the second step, the court imposes sentence.
For Rule 3.800(a) purposes, the difference between the two steps is important. Rule 3.800(a) is by its terms confined to challenging an "illegal" sentence. Imposition of sentence occurs in the second step of the habitualization process. The defendant's real target in this case is not the second step but the first: the adjudication of defendant as a habitual offender.
As traditionally thought of, an illegal sentence is one which exceeds the maximum allowed by law. See Davis v. State, 661 So.2d 1193, 1196 (Fla.1995). When a Rule 3.800(a) motion alleges that the defendant has received an "illegal" sentence, the traditional inquiry is to examine the *1191 face of the judgment and the sentencing order to see whether a sentence has been imposed in excess of that allowed by law. In the case now before us, the judgments are third-degree felonies. The sentencing order reflects that the defendant was adjudicated as a habitual offender. Under the habitual offender statute, the legal maximum for a habitual offender for a third-degree felony is ten years. See § 775.084(4)(a)3, Fla. Stat. (1993). The ten-year sentence imposed by the trial court is within the legal maximum.
Boiled down, defendant's motion alleges that his plea was involuntary, or he received ineffective assistance of counsel, because counsel failed to discover that the predicate convictions did not satisfy the sequential conviction rule. These are classic claims for relief under Rule 3.850. Rule 3.850 is very specific on the point: it states that a Rule 3.850 motion is the proper remedy where the defendant contends "that the plea was given involuntarily, or that the judgment or sentence is otherwise subject to collateral attack...." Fla. R.Crim. P. 3.850(a). Under Rule 3.850, the motion had to be made within two years, and is time-barred.
To put the matter differently, consider the hypothetical case of a defendant convicted of a second-degree felony which carries a legal maximum sentence of fifteen years. See § 775.082(3)(c), Fla. Stat. (1993). Assume that the evidence was legally insufficient to establish one of the required elements of the offense, without which the crime is a third-degree felony carrying a legal maximum of five years. Assume that through ineffective assistance of counsel, this issue is not raised in the trial court. Defendant is convicted of the second-degree felony and sentenced to the legal maximum of fifteen years.
In this hypothetical case, the error is subject to correction under Rule 3.850 if the defendant files the motion within the required two-year time limit. If, however, the defendant does not file the motion until after the time has run, then the defendant's claim will be time-barred.
It is difficult to see why, under the logic of Judge and the other cited cases, a defendant should be allowed to attack the habitual offender adjudication at any time under Rule 3.800(a), but there would be a two-year time limit under Rule 3.850 for any claim of ineffective assistance or involuntary plea leading up to imposition of the judgments. Rule 3.850 and its time limit should apply uniformly to both situations.
We think the position we take draws support from the Florida Supreme Court's decision in State v. Callaway, 658 So.2d 983 (Fla.1995), receded from, in part on other grounds, Dixon v. State, 24 Fla. L. Weekly S67, S68, 730 So.2d 265 (Fla. 1999). In Callaway, the defendant had been given consecutive habitual offender sentences. See 658 So.2d at 985. Consecutive habitual offender sentences are permissible for multiple offenses arising out of different criminal episodes, see Hale v. State, 630 So.2d 521, 524-25 (Fla.1993), but are not allowed "for multiple offenses arising out of the same criminal episode." Callaway, 658 So.2d at 985.
In Callaway the question was whether Rule 3.800(a) could be used to advance a claim that consecutive habitual sentences had been wrongly imposed in violation of Hale. The Florida Supreme Court's answer was no, because:
Whether a Hale sentencing error has occurred will require a determination of whether the offenses for which a defendant has been sentenced arose out of a single criminal episode. We agree with the district court, that this issue is not a pure question of law. As the district court recognized, "resolution of this issue depends upon factual evidence involving the times, places, and circumstances of the offense," and often cannot be determined from the face of the record.... Resolution of the issue ... should be dealt with under rule 3.850 which specifically provides for an evidentiary hearing. *1192 Id. at 988 (citations omitted; emphasis added).
In the situation now before us, the viability of predicate offenses used for habitualization can frequently be determined from the face of the record, so long as the prior convictions were introduced into evidence (as opposed to being stipulated to). An evidentiary hearing would be needed where the convictions were not introduced. An evidentiary hearing would be needed in cases in which the most recent predicate offense satisfies the five-year rule only when measured from the date of release from incarceration or parole, see § 775.084(1)(a)2., (1)(b)2., Fla. Stat. (1993), and the record fails to establish the date of such release. An evidentiary determination may also be required in cases in which the defendant contends that a predicate offense has been set aside in postconviction proceedings. See id. § 775.084(1)(a)5., (1)(b)2.
A practical concern in the present case is that the habitual offender adjudication was the result of a plea bargain. "A rule 3.800 motion can be made at any time, even decades after a sentence has been imposed...." State v. Callaway, 658 So.2d at 988. If a plea can be set aside on this theory years or decades later, renewal of prosecution becomes a practical impossibility. Precisely such considerations have recently led to the imposition of time limits on the right to seek belated appellate relief, which previously had no time limit. See Fla. R.App. P. 9.140(j)(3); McCray v. State, 699 So.2d 1366, 1368 (Fla.1997). The need for reasonable time limits points toward Rule 3.850 and its two-year limitation period.
For the stated reasons, we conclude that an attack on the habitual offender adjudication is one which must be brought under Rule 3.850 and may not be brought under Rule 3.800(a). That being so, the defendant's claim is time barred. On this issue we certify direct conflict with Judge, Freshman, Bell, and Botelho.

IV.
Assuming arguendo that the defendant's claim is cognizable under Rule 3.800(a) and is not procedurally barred, the question is what remedy to order. Two districts have held that when a defendant is found not to qualify as a habitual offender but there was no objection on this basis at the time the habitual offender sentence was imposed, then "on remand we permit the State to again attempt to qualify him as a habitual felony offender." Bain v. State, 24 Fla. L. Weekly D314, 730 So.2d 296 (Fla. 2d DCA 1999) (en banc); Speights v. State, 711 So.2d 167, 168-69 (Fla. 1st DCA 1998) (same), jurisdiction accepted, No. 93,207 (Fla. Nov. 23, 1998).[7] We agree with Bain and Speights. The sentencing guidelines scoresheet states that the defendant has fifty-two prior convictions and the State has represented to this court that the defendant's prior record includes convictions which satisfy the sequential conviction rule.[8]

*1193 V.
A case-by-case approach to deciding what is an "illegal" sentence under Rule 3.800(a) is undesirable. It creates great uncertainty in the law and invites large numbers of postconviction motions, each filed in hopes that the definition of "illegal" sentence will be expanded so as to allow consideration of otherwise time-barred claims.
Rule 3.800(a) motions now routinely rely upon the statement in State v. Mancino, 714 So.2d 429, 433 (Fla.1998), that "[a] sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal.'" Although not intended, the statement is being interpreted as saying that any sentencing error which can be gleaned from the face of the record renders a sentence illegal, and may be raised at any time. "The unending debate about what is an `illegal' sentence for purposes of Rule 3.800(a) stems from the fact that the term `illegal' is susceptible of multiple meanings." Hidalgo v. State, 24 Fla. L. Weekly D776, D778 n. 2, 729 So.2d 984 (Fla. 3d DCA 1999) (citations omitted).
The better approach would be to decide what postconviction matters are sufficiently important that they can be raised at any time, and to amend the postconviction rules to identify those matters specifically. The term "illegal sentence" in Rule 3.800(a) should be explicitly defined, or abandoned. See Hidalgo.

VI.
For the reasons stated, the order denying defendant's Rule 3.800(a) motion is affirmed.
Affirmed; direct conflict certified.
LEVY, J., concurs.
SORONDO, J. (dissenting)
Because I believe that Freshman v. State, 24 Fla. L. Weekly D707, 730 So.2d 351 (Fla. 4th DCA 1999), Bell v. State, 693 So.2d 700 (Fla. 2d DCA 1997), Botelho v. State, 691 So.2d 648 (Fla. 2d DCA 1997), and Judge v. State, 596 So.2d 73, 78 (Fla. 2d DCA 1991), were correctly decided, I respectfully dissent.
I further believe that the Florida Supreme Court's decision in State v. Mancino, 714 So.2d 429 (Fla.1998), entitles the defendant herein to relief. In Mancino, the Court first noted that in State v. Callaway, 658 So.2d 983 (Fla.1995), it had said that "rule 3.800(a) motions should be `limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination.'" Mancino, 714 So.2d at 432. Later in the opinion the Court went on to say that "[a] sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal.'"[9]Id. at 433. The word *1194 "patently" is defined as "openly, plainly or clearly." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 1326 (3d ed.1992). In the present case, the sentence patently, i.e. on the face of the record, fails to comport with the limitations of section 775.084(5). A brief review of the certified copies of convictions reveals that both convictions used by the state in order to enhance the defendant's sentence were entered on the same day. This being the case, it is clear that under Mancino, the defendant's claim is cognizable under rule 3.800(a) and his sentence is illegal and must be vacated.
I agree with the majority's dicta in part IV of its opinion that on remand for resentencing the state would again be free to try to habitualize the defendant on the basis of other qualifying convictions. See Bain v. State, 24 Fla. L. Weekly D314, 730 So.2d 296 (Fla. 2d DCA 1999)(en banc); Speights v. State, 711 So.2d 167 (Fla. 1st DCA 1998)(en banc), review granted, No. 93,207, 728 So.2d 204 (Fla. Nov. 16, 1998).
Finally, I agree with the majority that had the state failed to introduce the certified copies of convictions in this case, as might have happened due to the defendant's stipulation that he qualified for treatment as a habitual offender, the defendant would not be entitled to relief under rule 3.800(a) because a hearing would have been necessary to determine whether there was a sequential conviction error. Under those circumstances, the error would not have been apparent on the face of the record and the issue would therefore not have been cognizable under rule 3.800(a).[10] Accordingly, these postconviction motions based on rule 3.800(a), in the wake of Mancino, will have to be decided on a case-by-case basis. This case-by-case approach will undoubtedly lead to inconsistent results in virtually identical cases on the basis of little more than mere happenstance. Contrary to the majority's belief, I do not believe this will lead to more post-conviction motions,[11] it will, however, create uncertainty in the law and the inevitable conflicts between the District Courts of Appeal that will ultimately require resolution by our already overburdened Supreme Court.
NOTES
[1] Circuit court case numbers 93-31520, 93-31524, and 93-33993.
[2] The plea colloquy understated the defendant's maximum exposure.
[3] Circuit court case numbers 92-11536 and 92-15712.
[4] The denial of relief was proper because the postconviction relief granted in the 1996 Bover opinion was the vacating of part of defendant's sentences. This court did not vacate the underlying adjudications in defendant's 1991 and 1992 cases, and therefore those cases remained available to serve as predicate offenses for habitualization.
[5] The statute provides:

(5) In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.
This sequential conviction requirement was added to the habitual offender statute effective June 17, 1993, see ch. 93-406 §§ 2, 44. Laws of Fla., after having been repealed in 1988. See State v. Barnes, 595 So.2d 22 (Fla. 1992). Defendant committed his 1993 crimes after June 17, 1993.
[6] The State argues that defendant's motion is barred by the law of the case doctrine. The final sentence of the 1996 Bover opinion addressed the 1993 habitual offender sentences now before us and stated, "Our review of the record reflects no error, however, in the imposition of the ten year habitualization sentence for case numbers 93-31520, 93-31524, and 93-33993." Id. at 830. Defendant argues, and we agree, that the just-quoted portion of the Bover opinion is dictum. That is so because defendant's motion for postconviction relief which was the subject of the 1996 Bover opinion only challenged his habitualization in circuit court case numbers 91-38173, 92-15536, and 92-15712. That postconviction motion was not filed in, nor did it raise a challenge to, his habitualization in the three cases bearing the 1993 case numbers. The just-quoted sentence in the 1996 Bover opinion was evidently written in response to a State request that this court's remand relate only to the habitualization orders in defendant's 1991 and 1992 cases, so that the 1993 habitualization orders would not be disturbed. Since defendant in the 1996 proceeding had not raised a challenge to the 1993 habitual offender cases, the law of the case doctrine does not preclude the challenge defendant now makes.

The state also argues that the defendant's Rule 3.800 motion is impermissibly successive, since defendant's 1997 Rule 3.850 motion also attacked the predicate offenses which had been used for habitualization. The 1997 motion proceeded on defendant's mistaken belief that the 1996 Bover decision had vacated the 1992 offenses which had been used for habitualization, whereas in fact the court partially vacated the sentences but not the adjudications. The defendant's current 3.800 motion raises a different issue not previously presented. That being so, it appears that under the applicable 3.800(a) decisions there is no successiveness bar. See Bedford v. State, 633 So.2d 13, 14 (Fla.1994), quashing and adopting dissenting opinion in Bedford v. State, 617 So.2d 1134, 1135-36 (Fla. 4th DCA 1993) (Anstead, J.); see also Raley v. State, 675 So.2d 170, 173 (Fla. 5th DCA 1996).
[7] The question in Speights was whether a defendant could challenge a predicate offense for habitualization in his direct appeal, where defendant had not made a contemporaneous objection in the trial court, nor filed a Rule 3.800(b) motion. See 711 So.2d at 168, 169. The First District certified the question to the Florida Supreme Court. See id.
[8] Although apparently unnecessary to consider in this case, if it were to turn out that the defendant had no other qualifying convictions and thus could not be adjudicated as a habitual offender, the trial court could still achieve the original sentencing intent by substituting consecutive five-year sentences for concurrent ten-year habitual offender sentences. See Blackshear v. State, 531 So.2d 956, 958 (Fla. 1988); Fasenmyer v. State, 457 So.2d 1361, 1365 (Fla.1984); Herring v. State, 411 So.2d 966, 967 (Fla. 3d DCA 1982)(implicitly approved by Florida Supreme Court in Blackshear).

Assuming hypothetically that none of the above alternatives were available, the situation would be governed by Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981):
[I]n a situation involving a reduction of sentence in contravention of the plea bargain, the state should be given the option of either agreeing that both the judgment and sentence should be vacated and taking the defendant to trial on all original charges, or agreeing that only the excessive sentence should be vacated, while making the judgment stand and allowing the defendant to be resentenced....
Id. at 56; see also Skidmore v. State, 688 So.2d 1014, 1015 (Fla. 3d DCA 1997); Hayes v. State, 598 So.2d 135, 137 (Fla. 5th DCA 1992); State v. Spella, 567 So.2d 1051, 1052 (Fla. 5th DCA 1990); State v. Viele, 559 So.2d 1304, 1305 (Fla. 4th DCA 1990).
[9] Like the majority, I too am troubled by the Supreme Court's expansive language. The majority correctly observes that this language "is being interpreted as saying that any sentencing error which can be gleaned from the face of the record renders a sentence illegal, and may be raised at any time." Maj. Op. at 12. This interpretation is not capricious or arbitrary, in point of fact that is what this part of the opinion says. As this Court said in Hidalgo v. State, 24 Fla. L. Weekly D776, D777, 729 So.2d 984 (Fla. 3d DCA 1999), "It is difficult to see why, if an error in calculation of credit for time served creates an `illegal' sentence, it does not follow that any other error in sentencing also creates an `illegal' sentence." Whether the expansion of the definition of the term "illegal" was intentional or inadvertent, I join the majority in urging the Supreme Court to re-visit this issue and to "adopt a rule which (a) explicitly identifies those post-conviction matters which can be raised at any time, including (b) a request for additional credit for jail time served, and (c) abandons the term `illegal sentence' or defines it." Id. at D777-78.
[10] If Callaway holds that an issue is not cognizable under rule 3.800(a) and must be raised by way of rule 3.850 in situations where the sentencing error complained of cannot always be determined without an evidentiary hearing, I must conclude the Mancino has limited that holding.
[11] It is inconceivable that the amount of postconviction litigation which presently exists could actually increase. The inescapable reality, however, is that those who litigate full time and cost free will forever burden the justice system. In my view, the law in this area must be clear not to discourage postconviction litigation, an unrealistic goal, but to expedite the disposition of such cases in a fair and consistent manner.