735 So.2d 513 (1999)
Phillip ADLINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 99-0371.
District Court of Appeal of Florida, Fourth District.
April 28, 1999.
Sara Blumberg of Sara Blumberg, P.A., Boynton Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Office of the State Attorney, West Palm Beach, for appellee.
*514 WARNER, J.
By a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), appellant attacks his 1991 habitual offender sentence as being illegal because the requisite predicate crimes were allegedly not proven. Rule 3.800(a) is limited to the correction of illegal sentences which do not require an evidentiary hearing. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998); State v. Callaway, 658 So.2d 983, 988 (Fla. 1995), receded from on other grounds by Dixon v. State, 730 So.2d 265 (Fla. 1999). While appellant alleges that the record, which has not been provided, will confirm that there is no evidence of the necessary predicate convictions, that does not prove that they did not exist and that the habitual sentence would therefore be illegal. Cf. Speights v. State, 711 So.2d 167, 168-69 (Fla. 1st DCA), rev. granted, No. 93,207, 728 So.2d 204 (Fla. Nov. 16, 1998). In Speights, the first district noted that even if the court vacated a habitual offender sentence for lack of proper predicate offense, the state could still present evidence on remand of additional prior convictions which might justify the enhanced sentence. See 711 So.2d at 168-69. Thus, using an insufficient predicate offense did not make a habitual sentence "illegal" within the meaning of Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), and Callaway, 658 So.2d at 983.
In this case, an evidentiary hearing would be necessary to resolve the issue, which is unavailable through rule 3.800(a) relief. This issue could have been raised on direct appeal or by a motion pursuant to Florida Rule of Criminal Procedure 3.850, but was not, and relief is now untimely pursuant to those rules. We also affirm the denial of the motion for transcription of hearings as moot.
Affirmed.
DELL and FARMER, JJ., concur.