746 So.2d 1182 (1999)
Larry BLAKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1919.
District Court of Appeal of Florida, Fourth District.
December 8, 1999.
*1183 Larry Blakley, Belle Glade, pro se.
No appearance required for appellee.
FARMER, J.
This is an appeal of an order denying relief from an illegal sentence under rule 3.800(a). See Fla.R.Crim.P. 3.800(a) ("A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet...."). Ordinarily our affirmance would be without opinion, but we write in this case to clarify whether the kind of sentencing error defendant has alleged qualifies as an illegal sentence within the meaning of the rule.
There are four pertinent decisions by the supreme court in this decade addressing what constitutes an illegal sentence correctable at any time under the salutary provisions of rule 3.800(a). In Davis v. State, 661 So.2d 1193 (Fla.1995), that Court considered a claim that a sentence departing from the guidelines without contemporaneous written reasons was an illegal sentence correctable at any time, even in a collateral proceeding for post-conviction relief. In rejecting that contention the court said:
"Clearly, an illegal sentence is one that can be addressed at any time. We have previously rejected, however, the contention that the failure to file written findings for a departure sentence constitutes an illegal sentence. See Gartrell v. State, 626 So.2d 1364 (Fla.1993) (a sentence to less than the guidelines range without written reasons is not an illegal sentence within the meaning of rule 3.800(a)). We reiterate that conclusion here, concluding that an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines. Although we did indicate in dicta in [State v. Whitfield, 487 So.2d 1045 (Fla.1986)] that the absence of statutorily mandated findings renders a sentence illegal, we did so in summarizing case law that dealt with whether a contemporaneous objection was necessary to preserve an issue for appeal. The actual error at issue in Whitfield, however, involved an erroneous scoresheet calculation that we found was to be addressed under rule 3.800.3 In light of the contradiction between the holding in Gartrell and our statements in Whitfield, we recede from Whitfield to the extent that the dicta in that case can be read as holding that the failure to file written findings for a departure sentence constitutes an illegal sentence. Only if the sentence exceeds the maximum allowed by law would the sentence be illegal.
3 The language in Whitfield does imply that the scoresheet guidelines error at issue was the equivalent of departing from the guidelines without making the mandatory written findings; however, a closer review of the facts in Whitfield reflects that the error in *1184 that case involved a situation where the State had erroneously included victim injury points on the scoresheet. In fact, in certifying the question in that case, the district court was specifically asking if the contemporaneous objection exception in State v. Rhoden, 448 So.2d 1013 (Fla.1984), applied only to situations where a trial judge failed to make written findings or whether it applied in the instant case as well."
[c.o., emphasis supplied.]
661 So.2d at 1196.
It is clear from Davis that departure sentences imposed without compliance with the guidelines statutes do not constitute an illegal sentence. On its clear holding, Davis controls the outcome in this casewhich effectually involves a claim of departure from the guidelinesunless later decisions of the court have receded from these aspects of the Davis holding. We do not believe that any of them have that kind of effect.
On the same day that Davis was decided the court also released its opinion in State v. Callaway, 658 So.2d 983 (Fla.1995). The issue there was whether consecutive habitual felony offender sentences for multiple offenses arising out of the same criminal episode constitute an illegal sentence. In its rejection of the contention, the court expressly relied on its Davis decision and added:
"A rule 3.800 motion can be filed at any time, even decades after a sentence has been imposed, and as such, its subject matter is limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination.... Resolution of the issue will require an evidentiary determination and thus should be dealt with under rule 3.850 which specifically provides for an evidentiary hearing."
658 So.2d at 988.
Not three years later, in Hopping v. State, 708 So.2d 263 (Fla.1998), the court confronted a claim that a sentence was illegal because, in violation of the double jeopardy clause, it was unconstitutionally increased after imposition of the original sentence. This time the court concluded that an illegal sentence was in fact involved, even though the sentence as such did not exceed a statutory maximum. The court explained:
"In the instant case, it can be determined `as a matter of law without an evidentiary [hearing]' that Hopping's sentence was increased upon resentencing in violation of the double jeopardy clause. Thus, as Judge Benton concisely reasoned, the sentence should not be unreachable under a rule expressly intended to correct illegal sentences...."
708 So.2d at 265; see also Hopping v. State, 674 So.2d 905, 906 (Fla. 1st DCA 1996) (Benton, J., dissenting).
One should carefully compare the sentence not deemed illegal as double jeopardy in Callaway from the sentence deemed illegal as double jeopardy three years later in Hopping. The Callaway sentence involved multiple consecutive habitual felony offender sentences from a single episode, and it was not deemed illegal as double jeopardy. The illegal sentence in Hopping, however, was qualitatively different. The trial judge actually increased the sentence in a postconviction relief proceeding brought by the defendant. The difference is significant, and not just because no evidentiary hearing is necessary to ascertain the illegality. Separate sentences for each of multiple crimes committed during a criminal episode may not amount to unconstitutional enhancements as such if the statute prescribing the crime and the penalty statute expressly provide for and allow this kind of multiple punishment. No judge, however, can increase a sentence once it has been imposed and the prisoner has begun to serve it.
This brings us to the decision on which this defendant apparently relies. In State v. Mancino, 714 So.2d 429 (Fla.1998), the allegedly illegal sentence involved the failure to give jail credit. The record in that case showed without dispute that the defendant had spent time in jail before conviction *1185 and sentencing and was therefore entitled as a matter of law to credit against his sentence for the time he had already served.
The supreme court began by observing that "until very recently there was little doubt that rule 3.800 could be used to resolve jail credit issues." 714 So.2d at 430. The court also recalled its Callaway holding that "rule 3.800(a) motions should be `limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination.'" 714 So.2d at 432. But the court also agreed with Judge Barkdull that:
"`A sentence which does not grant proper credit for time served is an illegal sentence which may be corrected at any time. See and compare Jones v. State, 635 So.2d 41 (Fla. 1st DCA 1994); Moorer v. State, 556 So.2d 778 (Fla. 1st DCA 1990). Section 921.161(1), Florida Statutes, states that a prisoner shall receive credit for time served in the county jail prior to sentencing and for time served between sentencing and transfer to the Department of Corrections.'"
714 So.2d at 432, quoting from Hopping v. State, 650 So.2d 1087, 1088 (Fla. 3rd DCA 1995). The court then referred to its own Hopping decision, saying:
"we relied on the fact that the record reflected without dispute that the trial court had illegally increased the defendant's sentence after the defendant had already begun service of that sentence."
714 So.2d at 433.
In explaining its ultimate holding, the court said:
"As is evident from our recent holding in Hopping, we have rejected the contention that our holding in Davis mandates that only those sentences that facially exceed the statutory maximums may be challenged under rule 3.800(a) as illegal. Further, we agree with the observations of Judge Barkdull in the Third District's decision in Hopping that a sentence that does not mandate credit for time served would be illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served. A sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal'. As noted by the Fourth District in [Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996)] a prisoner who can demonstrate her entitlement to release when properly credited with time served would be entitled to relief by habeas corpus.
"For these same reasons we agree with the holding of the Second District in Mancino. The entitlement to time served is not a disputed issue of fact in the sense that an evidentiary hearing is needed to determine whether there is such an entitlement. Hence, if the record reflects that a defendant has served time prior to sentencing on the charge for which he was tried and convicted, and a sentence that does not properly credit the defendant with time served, then that sentence may be challenged under rule 3.800 much in the way that the double jeopardy issue was raised in Hopping." [emphasis supplied.]
714 So.2d at 433.
It is thus abundantly clear to us from the entire opinion in Mancino that its only holding is that a sentence imposed without a proper credit for time served before sentencing may be illegal within the ambit of rule 3.800(a) where the fact of the entitlement to a credit may be ascertained from the record without an evidentiary hearing. In stating its conclusion in Mancino the court clearly did not recede from its previous decisions in Davis, Callaway and Hopping. Actually all the court did was add another kind of sentence to the very short list of sentences that can be deemed illegal within the meaning of rule 3.800(a).
From Davis, Callaway, Hopping and Mancino, we discern that the short list still has only three members: (1) those sentences in excess of the statutory maximum; *1186 (2) those sentences that fail to give credit for record jail time; and (3) those sentences that violate double jeopardy by a post sentencing enhancement clear from the record. While the supreme court may add other members to the list, at present it has not done so.
Many prisoners have seized upon the statement in Mancino that we earlier highlighted in this opinion[1] and thereby seek to claim that their sentence is in violation of a particular statute and therefore illegal. They contend that this dictum added a new category of illegal sentences which, we note, would practically encompass almost any statutory or constitutional error. We reject the contention. Instead we conclude that the supreme court did not intend to enlarge the universe of illegal sentences beyond the three kinds identified in Davis, Callaway, Hopping and Mancino.
There are several statutory sentencing schemes currently in effect: e.g., the sentencing guidelines, habitual felony offender laws, habitual violent felony offender laws, and prison releasee reoffender lawsto name the most pertinent. It is significant to us that this particular contention of an additional category of illegal sentences (those in violation of some sentencing statute) could swallow up most sentencing errors and allow "correction" many years after the sentence was imposed, and in spite of a failure by the prisoner to appeal it at the time of sentencing. We understand the current statutory framework to require that claims of improperly imposed sentences under these schemes be made on direct appeal, or (perhaps) on collateral attack under rule 3.850, provided a proper showing is made: e.g., ineffective assistance of counsel.[2]
To hold as contended by this and other prisoners would be to transform a secondary statement of reasoning in an opinion i.e., a mere obiter dictum included only as a tertiary justification for a clearly stated, more limited holdinginto an implied abandonment of specific recent holdings also relied on in the same case. Quite apart from the jurisprudential troubles in so reading supreme court opinions, we frankly doubt that the court would make such a sweeping change in a fundamental aspect of postconviction relief by mere implication and without fully discussing the change in explicit terms.
The rationale of the supreme court in Davis, Callaway, Hopping and Mancino, is that no judge can impose more time for incarceration than all the laws combined would allow; no judge can increase a sentence after it has already been imposed and taken effect; and no judge can lengthen a sentence formally imposed by refusing to give credit for obvious, record jail time served before it was imposed. If there is error in any other kind of sentence, and particularly if it involves any factual inquiry, under the current decisions of our supreme court such error must be corrected in direct review or possibly under rule 3.850, but not under rule 3.800(a).
After Davis was decided, many advocates and judges became used to defining the term "illegal sentence" as one in which the sentence actually imposed exceeded the maximum set forth in the penalty statute. In light of Callaway, Hopping and Mancino, however, that simple definition is no longer apt. An analysis of what the supreme court has done in these four cases leads to a new definition. To be illegal within the meaning of rule 3.800(a) *1187 the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances. On the other hand, if it is possible under all the sentencing statutesgiven a specific set of factsto impose a particular sentence, then the sentence will not be illegal within rule 3.800(a) even though the judge erred in imposing it.
Under the guidelines it is possible to exceed the recommended sentence if a certain set of facts is shown. Similarly, under the habitual felony offender and prison releasee reoffender statutes, enhanced sentences can be imposed if a certain set of facts is shown. But to repeat, the only kinds of sentences currently fitting within the summary mechanics of rule 3.800 with its broadly remedial temporal provision of "any time" and its requirement that the illegality be apparent from the face of the record without evidentiary hearing are those that are illegal because they exceed the maximum as provided in all the sentencing statutes, those that were unconstitutionally increased after they had been imposed, and those for which no record, earned jail credit was given.
WARNER, C.J., and POLEN, J., concur.
NOTES
[1] To be clear about it, we refer to the statement that reads as follows: "A sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal'." Mancino, 714 So.2d at 433.
[2] See § 924.06(1)(d) & (e), Fla. Stat. (1999) (defendant may appeal illegal sentence or a guidelines sentence imposed under s. 921.0024 that exceeds the statutory maximum penalty provided in s. 775.082 for an offense at conviction, or the consecutive statutory maximums for offenses at conviction, unless otherwise provided by law).