756 So.2d 1080 (2000)
Jeffery AUSTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-0091.
District Court of Appeal of Florida, Fourth District.
April 19, 2000.
Jeffery Austin, Avon Park, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Jeffery Austin appeals the summary denial of his rule 3.800(a) motion to correct an illegal sentence. We affirm the denial as to the first two grounds of his motion, which were previously denied, see Raley v. State, 675 So.2d 170, 173-74 (Fla. 5th DCA), cause dismissed, 678 So.2d 1287 (Fla.), appeal dismissed, 683 So.2d 484 (Fla.1996), but we reverse the denial as to the third ground of his motion.
With respect to the third ground, the state concedes that appellant was erroneously sentenced as a habitual offender for the life felony of armed kidnapping, committed in 1991 when the habitual offender statute did not provide for habitual sentencing for life felonies. See §§ 787.01(2), 775.087(1)(a), & 775.084(4), Fla. Stat. (1991); Lamont v. State, 610 So.2d 435 (Fla.1992); Corbitt v. State, 697 So.2d 1310 (Fla. 4th DCA 1997). However, the state argues that such a sentencing error does not create an illegal sentence that may be corrected pursuant to a rule 3.800(a) motion, citing Blakley v. State, 746 So.2d 1182 (Fla. 4th DCA 1999); and Bover v. State, 732 So.2d 1187 (Fla. 3d DCA 1999).
Considering Bover first, we find it inapposite. In Bover, the third district concluded that a claim that the predicate offenses relied on to habitualize the defendant were not sequential must be brought under rule 3.850, not under rule 3.800, because the claim really is that the plea was involuntary or counsel was ineffective in not realizing that the offenses relied on for habitualization were not sequential. See 732 So.2d at 1192. The court noted that habitual sentencing involves two aspects, the habitual adjudication and the habitual sentencing, and reasoned that the adjudication itself cannot be challenged under rule 3.800(a), but such a challenge must be brought under *1081 rule 3.850 within the two-year time limit. See id. at 1190-91.
The instant case, however, does not involve a challenge to the sufficiency of the predicate offenses. The third district, which issued Bover, has itself granted relief under rule 3.800(a) for a claim such as Appellant's, see Beaudoin v. State, 658 So.2d 663 (Fla. 3d DCA), rev. denied, 664 So.2d 248 (Fla.1995), and recently granted such relief in an analogous claim, that of improper habitualization for a drug possession charge when the statute does not allow such sentencing, see Marrero v. State, 741 So.2d 634 (Fla. 3d DCA 1999). So far as we can determine, the third district has not receded from Beaudoin, and the first, second, and fifth districts also all consider the habitualization of a life felony committed at a time when the statute did not permit habitualization for such an offense to be illegal and subject to correction pursuant to rule 3.800(a). See Sneed v. State, 754 So.2d 53 (Fla. 1st DCA 2000); Young v. State, 716 So.2d 280 (Fla. 2d DCA 1998); Summers v. State, 747 So.2d 987 (Fla. 5th DCA 1999).
Although this erroneous sentence was not one of the types of illegal sentences enumerated in this court's recent opinion in Blakley, in which this court stated that the only kinds of illegal sentence challenges cognizable under the rule "are those that are illegal because they exceed the [statutory] maximum, ... those that were unconstitutionally increased after they had been imposed, and those for which no record, earned jail credit was given," 746 So.2d at 1187, we find the instant challenge still falls within this court's more general language in Blakley that "[t]o be illegal within the meaning of rule 3.800(a) the sentence must impose a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." Id. at 1186-87. We thus expand the list to include the challenge to a habitual sentence imposed on an offense that is not subject to habitualization as a matter of law, under any set of factual circumstances.
We reverse the summary denial as to this ground and remand for resentencing on the armed kidnapping count only. The trial court may exceed the sentencing guidelines in resentencing if there are valid grounds to do so. See Corbitt, 697 So.2d at 1310; Grant v. State, 677 So.2d 45 (Fla. 3d DCA 1996).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WARNER, C.J., DELL and HAZOURI, JJ., concur.