PER CURIAM.
William Jamal Demps appeals an order denying his motion for postconviction relief filed pursuant to Rules 3.800(a) and 3.850 of the Florida Rules of Criminal Procedure. We affirm.
*746 With one exception, defendant-appellant Demps’ motion for postconviction relief is substantially identical to an earlier motion which was the subject of this court’s decision in Demps v. State, 739 So.2d 708 (Fla. 3d DCA 1999). The affirmance of denial of relief in that case is res judicata in this case.
Defendant raises a new claim that he does not qualify as a habitual violent felony offender (“HVFO”) under the applicable statute, section 775.084, Florida Statutes (Supp.1988). This court has held that Rule 3.800(a) cannot be used for such a challenge, see Bover v. State, 732 So.2d 1187 (Fla. 3d DCA), review granted, 743 So.2d 508 (Fla.1999), and this claim is time-barred from the standpoint of Rule 3.850. See Demps v. State, 696 So.2d 1296, 1297 (Fla. 3d DCA 1997) (reflecting defendant’s 3.850 time limit was tolled until his return to Florida custody on August 15, 1995).
Assuming for purposes of discussion that this claim is not time-barred, defendant’s claim is without merit. We have taken judicial notice of the defendant’s plea colloquy, which is contained in this court’s file in Demps v. State, 705 So.2d 910 (Fla. 3d DCA 1998). The plea colloquy explicitly identifies the convictions that were the basis for the HVFO adjudication. Defendant’s claim that the trial court impermissibly used an aggravated battery conviction * is incorrect. The record shows that the defendant qualifies as an HVFO.
Affirmed.

 Aggravated battery was not a predicate offense for HVFO habitualization under the statute applicable here. See § 775.084(l)(b)L, Fla. Stat. (Supp.1988).