PER CURIAM.
Appellant, Jonathan Hart, appeals the trial court’s order summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The motion was timely, *606 verified, and raised some claims properly-considered under Florida Rule of Criminal Procedure 3.850. We reverse and remand for attachments of portions of the record or an evidentiary hearing for the reasons that follow.
Appellant pled guilty to burglary of a structure and grand theft in one 1997 prosecution, and to reckless driving and driving while license is suspended in another 1997 prosecution.
At the plea and sentencing hearing, the assistant state attorney said that the guidelines scoresheet should be corrected and reduced by 18 points and that the corrected guidelines range would be 76.95 to 128.25 on the two cases. Appellant’s defense trial counsel agreed to the correction and range. However, the originally prepared scoresheet filed of record in this case provided for a permitted sentencing range of 34.95 to 58.25 months in prison.
The trial judge sentenced appellant to 102 months in prison for the burglary and grand theft, followed by probation for three years. On the reckless driving and driving while license is suspended counts in the second case, the court sentenced appellant to time served, to run concurrently with the other sentences.
From review of this sentencing transcript, it is not at all certain that the judge, appellant, or state had before them a new, corrected scoresheet when appellant was sentenced.
Appellant did not appeal his sentences. He filed a motion to correct an illegal sentence in which he alleged that his sentences were illegal because they exceeded the original scoresheet and its provision for a sentencing guidelines range of 34.95 to 58.25 months, and because they were based on a scoresheet correction not filed of record. He also alleged that the supposedly corrected or revised guidelines range was based on the state’s improper use of a 1.5 multiplier for grand theft, which was improper in this case because he did not have the prerequisite three prior grand theft convictions for such a multiplier to be correctly used. Fla. R.Crim. P. 3.703(d)(23).
The state responded that any scoresheet error had been corrected and appellant had been sentenced within the corrected range. However, its response did not attach the sentencing transcript or any corrected scoresheet. The state’s response asked for leave to supplement the record to supply the corrected scoresheet. It then attached a scoresheet that was not signed by the trial judge and does not appear to be consistent with the corrected range announced at the sentencing hearing.
The trial court summarily denied the motion to correct illegal sentence based on the state’s attachment of this latter sentencing guidelines scoresheet, finding it to be the applicable one in this case. Its order of May 8, 2000, is the subject of this appeal.
Appellant filed a reply to the state’s response after the trial court had denied the motion. In it, appellant argued that the scoresheet attached to the state’s response did not contain the judge’s signature and was not the only scoresheet filed in this case. Appellant added that he objected to a number of the previous convictions listed in the new scoresheet the state attached to its response, arguing that they had not been proved by certified copies of judgments of conviction.
Appellant’s challenges in this appeal appear to qualify as claims of scoresheet error and would be appropriate to the extent that the resolution of them is based on matters apparent on the face of the record. See Austin v. State, 756 So.2d 1080 (Fla. 4th DCA 2000); Blakley v. State, 746 So.2d 1182 (Fla. 4th DCA 1999). See also State v. Mancino, 714 So.2d 429 (Fla.1998). To the extent that they go beyond that, consideration was also appropriate in the trial court under Florida Rule of Criminal Procedure 3.850, as the motion was timely and verified under that rule. *607 See, e.g., Adlington v. State, 735 So.2d 513 (Fla. 4th DCA 1999).
The state has now filed a response in this court which concedes that no corrected scoresheet was found in the record and that the scoresheet attached to its response filed in the trial court was of questionable accuracy. The state suggests that this court should remand for the trial court to clarify whether a corrected guidelines scoresheet was before the court at sentencing. See Caracciolo v. State, 564 So.2d 1162 (Fla. 4th DCA 1990).
We agree that the trial court order summarily denying relief on this motion was erroneous. We reverse and remand for attachment of portions of the record refuting appellant’s claims or an evidentiary hearing, if necessary, to determine whether a corrected guidelines scoresheet was before the court at the time of sentencing, whether the grand theft multiplier was used, and if so whether that use was correct, and whether appellant’s prior convictions on the scoresheet were properly demonstrated in the sentencing court.
REVERSE AND REMAND.
WARNER, C.J., SHAHOOD and TAYLOR, JJ., concur.