PER CURIAM.
Alphonso McNealy appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because he alleged a facially sufficient claim that was not addressed on its merits by the circuit court, we reverse and remand for reconsideration.
McNealy’s motion endeavored to vacate his 1991 habitual violent offender sentence. The circuit court denied the motion on the ground that it should have been brought pursuant to Florida Rule of Criminal Procedure 3.850, and thus was untimely.
The circuit court was incorrect. It cited the Third District’s decision in Bover v. State, 732 So.2d 1187 (Fla. 3d DCA), review granted 743 So.2d 508 (Fla.1999), for the proposition that challenges to habitual offender adjudications must be brought as rule 3.850 claims. Bover does so hold, but this district routinely permits such challenges to be brought under rule 3.800(a) if the issue can be determined from the record. See Bell v. State, 693 So.2d 700 (Fla. 2d DCA 1997).
The State’s response to McNealy’s motion characterized it as successive. It assumed that the issue was decided in the direct appeal of McNealy’s conviction because the issue was listed in the Statement of Judicial Acts to be Reviewed filed by *554 McNealy’s trial counsel in anticipation of the appeal. But the State’s assumption would have been justified only if it had filed a copy of the initial brief actually raising the issue in the ensuing appeal, which it failed to do. McNealy previously filed a rule 3.850 motion raising the issue, but it was denied as untimely. Our record contains no indication that this issue has been decided on its merits. On remand, the circuit court shall determine whether McNealy is entitled to relief based on the substance of his motion.
Reversed and remanded.
FULMER, A.C.J., and NORTHCUTT and DAVIS, JJ., concur.