PER CURIAM.
Eddie Lee Cowart appeals an order denying Ms motion to correct illegal sentence.[1] We affirm.
Defendant-appellant Cowart sought postconviction relief, contending that he does not qualify as a habitual felony^ offender (“HFO”). Defendant is incorrect.
Defendant’s offense at conviction was sale, manufacture, or delivery of cocaine. He contends that all of his prior offenses were' for possession of cocaine, and that habitualization is prohibited under subpar-agraph 775.084(l)(a)3., Florida Statutes (Supp.1998)[2], which requires that one of the defendant’s two prior qualifying felonies be for an offense other than “the purchase or the possession of a controlled substance.” Id.
The record demonstrates that this part of the statute was complied with, as defendant has prior qualifying felony convictions for offenses other than the purchase or possession of a controlled substance.
Affirmed.

. We treat the motion as being a timely motion filed under Florida Rule of Criminal Procedure 3.850. See Bover v. State, 732 So.2d 1187 (Fla. 3d DCA), review granted, 743 So.2d 508 (Fla. 1999), overruled in part, Carter v. State, 786 So.2d 1173 (Fla.2001).

. The crime date was October 21, 1998.