DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHELY OCEAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0705

[March 13, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502020CF008950.

Carey Haughwout, Public Defender and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges her sentence imposed following her conviction for driving without a valid driver's license causing serious bodily injury. At sentencing, appellant argued for a downward departure based upon her need for treatment of a mental disorder unrelated to substance abuse, for which she was amenable to treatment. She also argued the victim's need for restitution outweighed the State's need for a prison sentence. The trial court denied a downward departure and imposed the maximum sentence for the crime. Appellant then filed this appeal.

During the appellate process, she moved to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). She contended that the law had changed recently when this court held in *Coto v. State*, 366 So. 3d 1 (Fla. 4th DCA 2023), that a trial court could consider comparative negligence as a non-statutory factor to justify a downward departure sentence. Appellant suggested that comparative negligence could be found in this case. The trial court denied her motion, deciding

not to exercise its discretion to downward depart.  Appellant now challenges this ruling.  We affirm.

Florida Rule of Criminal Procedure 3.800(b)(2) permits correction of an illegal sentence when an appeal is pending.  As our supreme court has consistently maintained, an illegal sentence "imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances."  *Carter v. State,* 786 So. 2d 1173, 1181 (Fla. 2001) (quoting *Blakley v. State,* 746 So. 2d 1182, 1187 (Fla. 4th DCA 1999)).  Appellant's sentence was not illegal, and her grounds for her motion to correct her sentence did not even claim that it was.

Moreover, appellant never raised at sentencing the ground upon which her later-filed rule 3.800(b)(2) motion asked the court to reconsider a downward departure, as did the defendant in *Coto.*  Rule 3.800(b)(2) does not allow a defendant a second bite at the apple.  *See Jackson v. State,* 983 So. 2d 562, 573 (Fla. 2008) (holding that rule 3.800(b) was not meant to allow defendants "to resurrect unpreserved errors in the sentencing process").  Therefore, appellant cannot raise a new ground for downward departure by way of rule 3.800(b)(2).

In addition, she claims she was entitled to be tried by a jury of twelve persons.  We rejected this argument in *Guzman v. State,* 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. denied,* No. SC2022-1597, 2023 WL 3830251 (Fla. June 6, 2023).

For the foregoing reasons, we affirm appellant's conviction and sentence.

*Affirmed.*

LEVINE and ARTAU, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

2