729 So.2d 984 (1999)
Manuel HIDALGO, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-1697.
District Court of Appeal of Florida, Third District.
March 24, 1999.
Manuel Hidalgo, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before COPE, GODERICH and SORONDO, JJ.
COPE, J.
Manuel Hidalgo appeals the denial of his motion for credit for jail time served. We reverse in part and remand for the trial court to make a determination whether defendant-appellant Hidalgo is entitled to additional credit for jail time served prior to sentencing.

I.
Defendant entered a no contest plea to two counts of aggravated battery in 1990, and was placed on probation. In 1993 his probation *985 was revoked and he was sentenced to four-and-one-half years in prison. He was given credit for sixty-seven days of jail time.
In 1998, defendant filed a motion for credit for additional jail time he had served. The trial court order states, "Defendant [was] given sixty-seven days credit time served at time of sentence. Defendant is not entitled to additional credit time served." Defendant has appealed.
Because this motion was filed five years after imposition of sentence, and does not give any excuse for the delay, it cannot be treated as a motion under Florida Rule of Criminal Procedure 3.850. We treat it as a motion to correct illegal sentence under Rule 3.800. See State v. Mancino, 714 So.2d 429 (Fla.1998).

II.
The record now before us is a very limited one. It consists of the defendant's motion, the trial court's order, the judgment, sentence, and scoresheet. Based on the defendant's motion, there were sixty-seven days between his 1993 arrest and 1993 sentencing. This corresponds to the sixty-seven days of credit he was given for time served upon his 1993 sentencing.
However, defendant's motion also states that he was incarcerated on this same case for twenty-one days in 1990, prior to his being placed on probation for the original offenses. The trial court's order does not specifically address the claim for the time served in 1990 and, so far as this limited record reveals, the court apparently awarded credit only for time served in 1993.
Our standard of review after a summary denial of a Rule 3.800(a) motion is well-established. "Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing." Fla. R.App. P. 9.140(i). The present record does not conclusively establish that the appellant is entitled to no relief. It follows that we are obliged to reverse.
Where, as here, the issue is credit for jail time served, a conventional evidentiary hearing is not required. As explained in Mancino:
The entitlement to time served is not a disputed issue of fact in the sense that an evidentiary hearing is needed to determine whether there is such an entitlement. Hence, if the record reflects that a defendant has served time prior to sentencing on the charge for which he was tried and convicted, and a sentence that does not properly credit the defendant with time served, then that sentence may be challenged under rule 3.800....
Mancino, 714 So.2d at 433.
Under Mancino, the trial court is to review the appropriate records and make a determination whether the defendant has received proper credit for time served. We remand for that purpose.

III.
This case confronts us with the need to interpret the Florida Supreme Court's recent decision in Mancino. The question is whether, in considering a request under Rule 3.800(a) for additional credit for jail time served, the trial court may consult only (a) the court file, or may also consult (b) the jail record.
The Mancino decision clearly expresses the idea that a defendant is entitled to all credit for jail time served prior to sentencing. "[A] sentence that does not mandate credit for time served would be illegal since a trial court has no discretion to impose a sentence without crediting a defendant with time served." Id. "[S]ince a defendant is entitled to credit for time served as a matter of law, `common fairness, if not due process, requires that the State concede its error and correct the sentence "at any time."'" Id. (citation omitted).
On the other hand, the actual holding of Mancino is that "a claim for credit for jail time served is cognizable in a Rule 3.800 motion to the extent that court records reflect an undisputed entitlement to credit and a sentence that fails to grant such credit." Id. at S301. Apparently in some parts of Florida, the jail record of a defendant's incarceration is physically incorporated into the *986 court file, while in other parts of the State it is not. It is not the local practice in Miami-Dade County to include the jail record as part of the court file.
The State argues that we should take a narrow reading of the Mancino decision. The State urges that for purposes of a Rule 3.800 motion, the trial court is only allowed to look at what is actually in the court file, and therefore the jail records are irrelevant. Somewhat inconsistently, however, the State also argues that the defendant has not attached documents to his motion which would demonstrate entitlement to relief. Under this argument, if the defendant had obtained a copy of the jail record and attached it to his motion, then the trial court would be entitled to look at the jail record.
The Mancino decision makes a strong policy statement that a defendant should be granted credit for all jail time served. See 714 So.2d at 433. Certainly the entitlement to such credit should not depend on the vagaries of the local recordkeeping system. For these purposes, therefore, we conclude that a defendant's jail card should be treated as a court record, whether or not the jail card has physically been incorporated into the court file. Thus, on remand the trial court should examine the court file and, if necessary, the jail card, to determine whether the defendant is entitled to additional credit for time served.[1]
This interpretation of Mancino is also supported by the Mancino court's discussion of precedent from the First, Fourth, and Fifth District Courts of Appeal. See Mancino, 714 So.2d at 433. Those districts had concluded that a Rule 3.800(a) motion could not be used to obtain credit for time served, unless the failure to credit time served caused the sentence to exceed the legal maximum. See id. Otherwise, in those districts, a Rule 3.850 motion would be required and if time-barred, then the defendant would be required to file a petition for writ of habeas corpus. See id.
In rejecting the approach taken by those districts, the Mancino court pointed out that the determination of credit for time served does not require an evidentiary hearing with live testimony. See id. at 433. Instead, credit is to be calculated by reviewing the relevant records. Plainly the intent is to allow the trial court to consult the jail card, where necessary, even if the jail card has not been made part of the court file.

IV.
We must also consider the consequences if we read the Mancino decision narrowly. The narrow reading of Mancino is that the trial court may only review the court file, but may not consult the jail card. What if the defendant's right to additional jail credit cannot be determined by looking at the court file, but can be determined by the looking at the jail card?
One possibility would be to say that the defendant must obtain a copy of the jail card and attach it to the motion for additional jail credit. Under this approach, the court could consider the motion if the defendant has obtained the jail card. The disadvantage is that it may create additional judicial work, rather than save it. Under this approach, the defendant's motion would be rejected if the question of credit for additional time served cannot be determined from the court file. Defendant must then refile with jail card information. Of course, if the defendant has difficulty obtaining the information from the jail, the defendant must then resort to the court to enforce the defendant's public records request.
The other alternative is for the defendant to file a petition for habeas corpus where the court record does not establish the entitlement to additional credit for time served, but the jail record does. See Mancino, 714 So.2d at 433. Under this approach, the denial of a motion for additional credit for time served would be followed by a petition for writ of habeas corpus. See id.; Fla. R.Crim. P. 3.850(h).
It is undesirable to require two proceedings where one will do. It is more efficient to allow a defendant to file a motion under *987 Rule 3.800(a) for credit for additional jail time, and have the trial court resolve the matter authoritativelyonceby considering the court file and the jail record. Invention of complicated procedures helps no one.

V.
In the long term, the Florida Rules of Criminal Procedure should be amended to create a specific method for requesting proper credit for time served. The Mancino decision expresses the sentiment that the granting of proper credit for jail time served is a matter of sufficient importance that relief should be allowed at any time. To that end, Mancino stretches the definition of an "illegal" sentence in order to assure that the granting of such credit falls under the umbrella of Rule 3.800(a)which does not have a time limit for requesting relief. Expanding the definition of an "illegal" sentence in this way creates precedential problems, however. It is difficult to see why, if an error in calculation of credit for time served creates an "illegal" sentence, it does not follow that any other error in sentencing also creates an "illegal" sentence.
The better approach would be to adopt a rule which (a) explicitly identifies those postconviction matters which can be raised at any time, including (b) a request for additional credit for jail time served, and (c) abandons the term "illegal sentence" or defines it.[2]

VI.
The defendant has also requested credit for time served after the 1993 sentencing. The State correctly points out that the defendant must first raise that issue with the Department of Corrections and may only request judicial relief after exhausting administrative remedies.
The Department of Corrections is responsible for computing [an inmate's] credit for time spent in county jail after sentencing, while awaiting transfers to a drug program or a state prison. If the postsentence credit is incorrect, [the inmate] should pursue his administrative remedies, and then seek a writ of mandamus against the department in the circuit court, if dissatisfied with the outcome.
Washington v. State, 662 So.2d 1027, 1028 (Fla. 5th DCA 1995) (citation omitted); Brown v. State, 427 So.2d 821, 821-22 (Fla. 2d DCA 1983). We affirm the trial court's order on this issue.

VII.
For the reasons stated, the order under review is affirmed in part, reversed in part, and remanded for a determination whether defendant is entitled to additional credit for jail time served prior to sentencing.
NOTES
[1] Even if Mancino is read narrowly to confine the trial court's review to the court file alone, reversal would still be required because the scanty record excerpts now before us do not conclusively refute the defendant's claim. See Fla. R.App. P. 9.140(i).
[2] The unending debate about what is an "illegal" sentence for purposes of Rule 3.800(a) stems from the fact that the term "illegal" is susceptible of multiple meanings. See State v. Callaway, 658 So.2d 983, 987-88 (Fla.1995); Judge v. State, 596 So.2d 73, 76 (Fla. 2d DCA 1991) (en banc).