736 So.2d 1224 (1999)
Lincoln GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-1231.
District Court of Appeal of Florida, Third District.
June 9, 1999.
Lincoln Garcia, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before JORGENSON, COPE and LEVY, JJ.
PER CURIAM.
Lincoln Garcia appeals an order denying his motion under Florida Rule of Criminal Procedure 3.800(a), requesting credit for additional jail time served. It appears that the motion requests additional credit for time served both before and after sentencing.
To the extent that the motion requests credit for time served after sentencing, the order denying relief is affirmed without prejudice to the defendant to raise that issue with the Department of Corrections. See Hidalgo v. State, 729 So.2d 984, 987, 24 Fla. L. Weekly D776, D778 (Fla. 3d DCA 1999). Defendant-appellant Garcia must first exhaust his administrative remedies within the Department of Corrections prior to seeking judicial relief. See id.
With respect to defendant's request for credit for jail time served prior to sentencing, we reverse and remand for further consideration in light of this court's recent decision in Hidalgo. See id. at D777, 729 So.2d at 986. Under our standard of review of an order summarily denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a) or 3.850, "unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing." Fla. R.App. P. 9.140(i). As the record does not conclusively refute defendant's claim, the order is reversed with respect to the claim for credit for time served prior to sentencing, and the cause remanded for further proceedings consistent herewith.
*1225 Affirmed in part, reversed in part, and remanded.