771 So.2d 1252 (2000)
Mac W. STUART, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D00-2729, 3D00-3039.
District Court of Appeal of Florida, Third District.
November 15, 2000.
*1253 Mac W. Stuart, in proper person.
Robert A. Butterworth, Attorney General, and Regine Monestime, Assistant Attorney General, for appellee.
Before COPE, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
The defendant Mac W. Stuart appeals the summary denial of his post-conviction motion seeking additional jail time credit on his sentence for armed robbery with a firearm. He has also filed a petition for writ of habeas corpus based on the same allegations. We affirm in part and reverse in part on the appeal and deny the petition for habeas corpus.
Stuart contends that he has not received proper sentencing credit for time periods when (1) he was held in county jail after being transferred from the state prison where he was serving his original sentence in order to attend a hearing on a prior post-conviction relief motion (October 28, 1999-January 3, 2000); (2) he remained in state prison after the trial court vacated his original sentence in response to this Court's reversal of his original sentence and remand for resentencing (March 7-28, 2000), see Stuart v. State, 751 So.2d 752 (Fla. 3d DCA 2000); (3) he was housed in county jail (March 29-April 12, 2000) in order to attend the resentencing hearing; and (4) he remained in county jail after resentencing pending transfer back to state prison (April 13-17, 2000).
The trial court summarily denied his motion for additional jail time credit by way of a form order in which the box preceding the statement "insufficient to support the relief prayed" was checked. The denial order does not have any record excerpts attached to it in support the court's ruling.[1] The record does not conclusively refute Stuart's claim to additional jail time credit for the period of time he spent in both state prison and county jail after the trial court's vacation of the original sentence until the resentencing (March 7-April 12, 2000), which time would properly be considered pre-sentencing jail time with respect to the new sentence, see Rogers v. State, 736 So.2d 134 (Fla. 1st DCA 1999)(following resentencing after vacation of original sentence, trial court, not Department of Corrections, should consider claim for and award credit for time spent in jail awaiting resentencing; such time is considered "pre-sentence jail time"). We therefore reverse the summary denial of his motion insofar as it claims that no credit was awarded for the jail time spent during that period. We remand for reconsideration of the request made for jail time credit for March 7-April 12, 2000 only. On remand, the trial court may again summarily deny the motion; however, should it decide to do so, copies of record portions supporting the denial should be attached to the order. See Street v. State, 693 So.2d 695 (Fla. 2d DCA 1997).
With respect to the remaining requests for jail time credit, the record supports the trial court's denial of the motion because those periods were all "post-sentence" periods (either after imposition of the original sentence and prior to its vacation *1254 on remand or after the resentencing) and Stuart has not exhausted his administrative remedies as to those time periods. Before a state prisoner may resort to the court system as a means to correct what the prisoner perceives as a jail time credit mistake relating to time served after sentencing, the prisoner must first pursue his/her complaint through the administrative procedures available within the Department of Corrections. See Garcia v. State, 736 So.2d 1224 (Fla. 3d DCA 1999); Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999). Because Stuart did not pursue administrative remedies with respect to the claimed problem with jail time credit for periods other than the March 7, 2000-April 12, 2000 period, we affirm the trial court order denying post-conviction relief. Our affirmance is without prejudice to Stuart's right to pursue his administrative remedies within the Department of Corrections. Our ruling on his appeal does not require that jail time credit be awarded which would entitle Stuart to immediate release from prison. Thus, the petition for writ of habeas corpus is denied.
Affirmed in part without prejudice to pursue administrative remedies, reversed in part and remanded to the trial court for reconsideration of Stuart's motion insofar as it relates to the March 7, 2000-April 12, 2000 period.
NOTES
[1] For example, the record before us at this time does not contain any documents which might have been generated by the trial court upon Stuart's resentencing. Such documents would be the logical place for inclusion of pre-sentence jail time credit provisions.