787 So.2d 65 (2001)
Manuel ROLON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3948.
District Court of Appeal of Florida, Second District.
February 28, 2001.
*66 PER CURIAM.
Manuel Rolon challenges the denial of his motion seeking additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's order because Rolon's motion fails to present a facially sufficient claim for relief.
Rolon's motion is a form document frequently filed by prisoners. In his motion, Rolon claims that he was incarcerated in the DeSoto County jail between July 20, 1999, and April 3, 2000. He asserts he received 24 days' jail credit, and he argues that he deserved a total of 254 days' jail credit for time spent in the DeSoto County jail prior to his sentencing on April 30, 2000.
This claim is facially insufficient because Rolon fails to allege that the trial court can resolve his claim without an evidentiary hearing. See State v. Mancino, 714 So.2d 429 (Fla.1998). In addition, substantial confusion arises in this case because Rolon was charged in numerous cases and sentenced in many of them in early April 2000. This single motion purports to establish a claim for relief in eight different cases.
The trial court denied relief, relying on the judgments and sentences in these cases; however, numerous other documents were contained in the appellate record. It is clear from the record before this court that Rolon received jail credit in some of the listed cases equal to or in excess of the 254 days' jail credit he seeks. Rolon has an obligation to specifically explain why he is entitled to jail credit in any particular case and how his claim is established in the records available to the trial court. In reviewing a facially sufficient claim, the trial court should consult any available jail records as well as the court record. See Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999). The form document used by Rolon is facially insufficient to establish any claim for relief on this issue in any of the eight listed cases.
Accordingly, we affirm the trial court's denial of relief to Rolon. However, this affirmance is without prejudice to Rolon's right to file a facially sufficient motion seeking relief in these cases.
Affirmed.
ALTENBERND, A.C.J., and NORTHCUTT and SALCINES, JJ., concur.