BLUE, Judge.
Robert Flanagan appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Flanagan alleges that he is entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court summarily denied this claim, finding that his sentence could have been imposed under the 1994 guidelines. See Heggs, 759 So.2d at 627. For the reasons explained below, we reverse and remand for further proceedings.
First, we note that the trial court failed to attach a copy of the 1995 sentencing guidelines. A trial court must attach copies of both the 1994 and 1995 guidelines in order to conclusively refute a defen *520 dant’s claim that he should be resentenced pursuant to Heggs. Howell v. State, 793 So.2d 26 (Fla. 2d DCA 2001). This error alone would require reversal in this case.
Second, we note that the State apparently made changes to the 1994 score-sheet, and the trial court relied on this scoresheet without attaching the necessary documents to support the changes. Additionally, Flanagan was never given the opportunity to respond to the changes made by the State. In Estrada v. State, 787 So.2d 94 (Fla. 2d DCA 2001), this court held that when the State makes changes or corrections to a scoresheet in a rule 3.800(a) proceeding, the State must advise the trial court of the changes, and the trial court must afford the defendant the opportunity to respond to and to contest any changes. It is also advisable for the trial court to appoint counsel to represent the defendant in such situations. Estrada, 787 So.2d at 95.
Because of the trial court’s failure to attach the necessary documents to conclusively refute Flanagan’s claim and because of the trial court’s failure to give Flanagan the opportunity to respond to the State’s changes to the sentencing guidelines, we reverse and remand to the trial court for further proceedings. On remand, the trial court should first determine whether it is advisable to appoint counsel to represent Flanagan. It shall then afford Flanagan an opportunity to contest the changes made by the State to the scoresheet. If the trial court determines that the changes are permissible and again denies Flanagan relief, it shall attach those portions of the record that conclusively refute his claim.
We affirm as to Flanagan’s other claims without comment except to point out that Flanagan’s claim for additional jail credit is facially insufficient because it fails to explain why he is entitled to the additional credit and how his claim is established in the records available to the trial court. See Rolon v. State, 787 So.2d 65 (Fla. 2d DCA 2001). This affirmance is without prejudice to Flanagan’s right to file a facially sufficient motion raising this claim.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and DAVIS, J., Concur.