BLUE, Chief Judge.
Brian Beckwith appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Beckwith alleges that he is entitled to additional jail credit for time spent in the Pinellas County jail after sentencing. Specifically, Beckwith alleges that he was transported back to the Pinellas County jail from the Department of Corrections (hereinafter “the Department”) on two separate occa *311 sions while serving his prison sentence. The first occasion was for a postconviction hearing. The trial court correctly denied this claim finding that the Department is responsible for calculating jail time credit for that period. See Stuart v. State, 771 So.2d 1252 (Fla. 3d DCA 2000). We therefore affirm as to that claim.
The second time, however, appears to have occurred when Beckwith’s original sentence was vacated and he was transported back to the trial court for resen-tencing. If, in fact, Beckwith spent time in the Pinellas County jail after his original sentence was vacated and before he was resentenced, the trial court is responsible for calculating jail time credit for that period. See Stuart, 771 So.2d at 1253. Because it appears from the limited record before this court that the trial court may have failed to award Beckwith credit for this period, we reverse and remand for further proceedings. If the trial court again denies this claim, the trial court must attach record documents showing either that Beckwith was awarded jail time credit for this period or that he was not incarcerated at any time between the date the original sentence was vacated and the date of resentencing.
As to Beckwith’s claim seeking additional jail credit for time served between sentencing and his commitment to the Department, we affirm without prejudice to Beckwith’s right to pursue his administrative remedies within the Department. See Stuart, 771 So.2d at 1254.
Affirmed in part; reversed and remanded in part.
GREEN and SILBERMAN, JJ., Concur.