NORTHCUTT, Judge.
Aaron Lee Jones appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Jones argued that he deserved 703 days’ jail credit rather than the 249 days granted on his judgment and sentence. Specifically, Jones explains that he was not properly credited for time spent incarcerated from January 30, 1997, to November 20, 1998. Jones attached the sheriffs certificate to his motion. This court notes that the total amount of jail credit authorized by the sheriffs certificate does not match the dates of Jones’ incarceration as indicated on the face of the certificate. The trial court denied Jones’ motion as successive. The court attached to its order the two prior motions and the two prior orders that denied Jones additional jail credit in this case. Both of the prior motions requested more than 800 days’ jail credit.
Although the trial court is correct that a successive motion may be summarily denied, the current motion filed by Jones is not identical to his prior two motions seeking jail credit. Neither of Jones’ prior motions was facially sufficient because they both failed to specifically allege the dates for which Jones sought additional jail credit. Therefore, this court concludes that Jones’ current motion seeking jail credit is not a successive motion.
Accordingly, we reverse the trial court’s order and remand for further proceedings.. *233 If the trial court should again deny Jones’ claim, it must attach those portions of the record that conclusively refute his claim. See Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999). In an unusual case such as this, the trial court may need to review other record documents besides the sheriffs certificate to refute Jones’ claim that he has not received the proper amount of jail credit.
Reversed and remanded for further proceedings.
ALTENBERND, A.C.J., and WHATLEY, J., Concur.