ON MOTION FOR REHEARING AND MOTION TO RECALL MANDATE
PER CURIAM.
The defendant has filed a motion for rehearing and a motion to recall mandate. We grant the relief requested, recall the mandate dated July 26, 2002,[1] withdraw our opinion dated July 10, 2002, and substitute the following opinion in its place.
The defendant, Albert Skiba, appeals from the denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he argued that he was entitled to additional credit for time served prior to sentencing. We reverse and remand for entry of an order granting the defendant a total of 812 days credit for time served.
The State argues that the defendant must exhaust administrative remedies with the Department of Corrections prior to seeking court relief. This is incorrect because the defendant seeks credit for time served prior to sentencing. See Ramos v. State, 823 So.2d 265 (Fla. 3d DCA 2002)(holding that defendant must exhaust administrative remedies in the Department of Corrections when seeking credit for time served after sentencing, not prior to sentencing); Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999). In the instant case, the State has conceded that the defendant is entitled to a total of 812 days credit for time served. As such, the denial of the defendant’s motion is reversed, and this matter is remanded for entry of an order granting the defendant 812 days credit for time served.
Reversed and remanded.

. Following the issuance of the mandate, this Court received the defendant's motion for rehearing. The certificate of service indicates that the motion was furnished to authorities of the correctional institution's mailroom on July 18, 2002. As such, the defendant's motion was timely filed. See Thompson v. State, 761 So.2d 324, 326 (Fla.2000)(holding that "an inmate's document is deemed 'filed' when he or she places it in the hands of prison officials.”). Pursuant to Rule 9.340(b), Florida Rules of Appellate Procedure, "[i]f a timely motion for rehearing ... has been filed, the time for issuance of the mandate ... shall be extended until 15 days after rendition of the order denying the motion, or, if granted, until 15 days after the cause has been fully determined.” Therefore, mandate was prematurely entered.