PER CURIAM.
Bobbie Eugene Smith appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). To the extent that the motion requests credit for time served after sentencing, the order denying relief is affirmed without prejudice to the defendant to raise that issue with the Department of Corrections. See Skiba v. State, 827 So.2d 379 (Fla. 3d DCA 2002)(concluding defendant must exhaust his administrative remedies prior to seeking judicial relief); Garcia v. State, 736 So.2d 1224 (Fla. 3d DCA 1999)(same); Hidalgo v. State, 729 So.2d 984, 987(Fla. 3d DCA 1999)(same). With respect to defendant’s request for credit for jail time served prior to sentencing, under our standard of review of an order summarily denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.800(a) or 3.850, “unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing.” Fla. R.App. P. 9.141(b)(2)(D). As the record does not conclusively refute defendant’s claim, the order is reversed with respect to the claim for credit for time served prior to sentencing, and the cause remanded for further proceedings consistent herewith. See Garcia v. State, 736 So.2d at 1224; Hidalgo, 729 So.2d at 985.
Affirmed in part, reversed in part, and remanded.