PER CURIAM.
Richard Galarza seeks to reverse a final order denying his petition to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part. We reverse and remand only as to the defendant’s claim that upon re-sentencing on violation of probation he was entitled to 406 days of credit for time served.
On appeal from a summary denial, this court must reverse unless the post-conviction record shows conclusively that the appellant is entitled to no relief. See Fla. R.App.P. 9.141(b)(2)(A), (D). Because the record now before us fails to make the required showing, we reverse the order and remand for an evidentiary hearing or other appropriate relief. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief as to his claim of entitlement to jail credit.
As to the defendant’s claim that certain gain time should be restored, we affirm the order denying relief. See Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999)(to contest award or loss of gain time inmate must first exhaust administrative remedies through the DOC and if necessary seek a writ of mandamus against DOC in the circuit court).
Affirmed in part, reversed and remanded in part.