962 So.2d 985 (2007)
Richard GALARZA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-1580.
District Court of Appeal of Florida, Third District.
August 1, 2007.
Richard Galarza, in proper person.
Bill McCollum, Attorney General, for appellee.
Before FLETCHER and LAGOA, JJ., and SCHWARTZ, Senior Judge.
LAGOA, Judge.
On April 4, 2007, this Court issued an Opinion affirming in part and reversing in part the trial court's order denying Appellant Richard Galarza's petition to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We reversed and remanded as the record before us failed to conclusively refute the appellant's claim "that upon re-sentencing on violation of probation he was entitled to 406 days of credit for time served." We further instructed the trial court to attach record excerpts conclusively showing that appellant was not entitled to the relief sought if it again entered an order summarily denying the post-conviction motion.
*986 On May 18, 2007, the trial court summarily denied appellant's post-conviction motion but attached certain record excerpts including the April 25, 2006 sentencing order, which showed that appellant was awarded 225 days of credit for time served. However, because Appellant, in his post-conviction motion, specifically asserts that the trial court "committed error by failing to grant the defendant a collective 406 days jail time credit served in lieu of the partial 225 days reflected in the defendant's April 27, 2006[sic] sentence order," that same sentencing order cannot conclusively refute appellant's assertion that he is entitled to 406 days of credit for time served. As the record before us is unclear regarding whether appellant is entitled to the jail time credit he seeks, we are obliged to reverse and remand.
We note that a conventional evidentiary hearing is not required where the issue involves credit for time served. See Hidalgo v. State, 729 So.2d 984, 985 (Fla. 3d DCA 1999). Indeed, as this Court explained in Hidalgo, 729 So.2d at 985, the Florida Supreme Court's opinion of State v. Mancino, 714 So.2d 429 (Fla.1998), requires that the trial court "review the appropriate records and make a determination whether the defendant has received proper credit for time served."
On remand, the trial court should examine the court file and the jail card,[1] if necessary, to determine whether appellant is entitled to additional credit for time served. Moreover, after said review, the trial court should either attach those portions of the record that conclusively refute the appellant's claim or award him the appropriate credit for time served.
Reversed and remanded.
NOTES
[1] As this Court noted in Hidalgo, 729 So.2d at 985(citation omitted):

The Mancino decision makes a strong policy statement that a defendant should be granted credit for all jail time served. Certainly the entitlement to such credit should not depend on the vagaries of the local recordkeeping system. For these purposes, therefore, we conclude that a defendant's jail card should be treated as a court record, whether or not the jail card has physically been incorporated into the court file.