PER CURIAM.
Wilbert Johnson, Jr., appeals the denial of a rule 3.800(a) motion which sought additional credit for two periods of time served in the county jail. He has not shown that he is entitled to additional credit from the trial court. The Department of Corrections (DOC) is responsible for calculating the credit for time served while he was in the county jail awaiting a *157 hearing on a postconviction motion. Beckwith v. State, 799 So.2d 310, 311 (Fla. 2d DCA 2001). Generally, the trial court would be responsible for calculating the credit for time served in the county jail after the original sentence was vacated and until appellant was resentenced. Id. However, it appears that, at resentencing, the trial court imposed the new sentence nunc pro tunc to the date of the original sentence. Thus, the time for which appellant seeks additional credit would be post-sentencing credit calculated by DOC. See Arnett v. State, 626 So.2d 308, 309 (Fla. 1st DCA 1993) (concluding there was no error where the sentence did not include credit between the original sentence and resen-tencing because the nunc pro tunc sentence imposed at resentencing made it clear the sentence was being served from the original sentencing date); see also Martin v. State, 31 So.3d 917 (Fla. 3d DCA 2010) (Cope, J., concurring).
Accordingly, we affirm the denial of appellant’s 3.800(a) motion without prejudice for him to pursue his administrative remedies with DOC if DOC did not properly calculate his time served.

Affirmed.

DAMOORGIAN, C.J., STEVENSON and CIKLIN, JJ., concur.