# Third District Court of Appeal

## State of Florida

Opinion filed July 29, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-490
Lower Tribunal Nos. 11-641 K & 11-642 K

_____

**Eli M. Friedman,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Monroe County, Wayne M. Miller, Judge.

Eli M. Friedman, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before LAGOA, EMAS, and FERNANDEZ, JJ.

LAGOA, J.

The Defendant, Eli M. Friedman ("Friedman"), appeals from the trial court's February 3, 2015 order denying his Motion to Correct Award of Prior Prison Credit.

Friedman argues that he is entitled to an additional 20 days of credit for time served,[1] from September 13, 2012 through October 3, 2012. This time period, however, concerns the dates he spent in jail awaiting to be transported to prison after being sentenced on September 13, 2012. The State is correct that Friedman must first raise this issue with the Department of Corrections and "may only request judicial relief after exhausting administrative remedies." Hidalgo v. State, 729 So. 2d 984, 987 (Fla. 3d DCA 1999) ("The Department of Corrections is responsible for computing [an inmate's] credit for time spent in county jail after sentencing, while awaiting transfers to a drug program or a state prison. If the postsentence credit is incorrect, [the inmate] should pursue his administrative remedies, and then seek a writ of mandamus against the department in the circuit court, if dissatisfied with the outcome." (quoting Washington v. State, 662 So. 2d 1027, 1028 (Fla. 5th DCA 1995) (citation omitted))).

Accordingly, we affirm the trial court's order. Our affirmance in this case is without prejudice to pursue such an administrative remedy.

---

[1] Previously, Friedman filed a motion to correct sentence. On August 4, 2014, the trial court granted the motion and ordered that Friedman be granted an additional 225 days credit for time served to the 504 days credit already appearing on his judgment and sentence.

2

AFFIRMED.